**MOSSY OLDSMOBILE, INC., Appellant,**

v.

**CITY OF HOUSTON, Texas, et al., Appellees.**

**No. 17114.**

Court of Civil Appeals of Texas, Houston (1st Dist.).

Feb. 9, 1978.

James A. Carmody, Houston, for appellant.

Robert M. Collie, Jr., City Atty., Jay Howell, Sr., Asst. City Atty., Houston, for appellees.

EVANS, Justice.

The appellant has filed a motion for an extension of time to file its record on appeal. The motion has been contested by the appellees on the ground that it fails to show good cause for an extension under Rule 385(b), Texas Rules Civil Procedure.

The appeal is from an interlocutory order entered December 15, 1977, denying the appellant's application for a temporary injunction. The record on appeal was required to be filed in this court within 20 days after that date.

As a basis for its motion, the appellant alleges that on December 20, 1977, it requested the trial court to make findings of fact and conclusions of law, but that due to the holiday season such findings and conclusions had not been filed, and that appellant desired to wait until the findings and conclusions had been filed before incurring the expense of designating the transcript on appeal.

In an appeal from an interlocutory order, the trial court is not required to file findings of fact and conclusions of law; however it is permissible for the trial court to do so if the filing thereof will not delay the filing of the record in the appellate court. Rule 385(e), Texas Rules Civil Procedure. Thus, in the case at bar the appellant was not justified in waiting until the trial court filed findings and conclusions before ordering the record on appeal.

"The filing of the record in the appellate court within the time prescribed by Rule 385 is jurisdictional. *Walker v. Cleere*, 141 Tex. 550, 174 S.W.2d 956 (1943). Before an extension of time may be granted under the rule, the motion for additional time must show 'good cause therefor.' Rule 376 provides that the appellant 'shall promptly file with the clerk' a written direction to prepare the transcript. The rule does not fix the time that shall be considered prompt action in ordering the transcript, and our courts have held 'promptly' to mean within a reasonable time in light of all the attendant facts and circumstances." *Pledger v. Ools*, 476 S.W.2d 854, 856 (Tex.Civ.App.—Amarillo 1972, no writ).

The allegations of appellant's motion do not establish good cause, and this court is without jurisdiction to grant the extension of time requested. *Garza v. State*, 503 S.W.2d 415 (Tex.Civ.App.—Corpus Christi 1973, no writ); *Pledger v. Ools, supra.*

The appeal is dismissed.