Jackie BYARS, Appellant,

v.

Edith E. STEEL, Appellee.

No. 2–81–017–CV.

Court of Appeals of Texas,
Fort Worth.

Oct. 29, 1981.

Simon & Simon and Mike Johnston, Fort Worth, for appellant.

Quisenberry, Spurlock, Whitecotten & Ward, William K. Berenson, Fort Worth, for appellee.

Before MASSEY, C. J., and SPURLOCK and HOLMAN, JJ.

## OPINION ON MOTION FOR EXTENSION OF TIME TO FILE AN APPEAL BOND

PER CURIAM.

Appellant Jackie Byars, against whom a default judgment had been entered in favor of plaintiff/appellee Edith E. Steel on September 1, 1981, apparently employed the firm of Simon & Simon, attorneys on October 2, 1981. Within the time provided therefor in such cases the Simon & Simon firm filed a motion for extension of time to file an appeal bond. Tex.R.Civ.P. 356, "Time for Perfecting Appeal." Therein, effective January 1, 1981, is provision that the appellate court may grant an extension of time for the late filing of a cost bond where the motion for the extension is one reasonably explaining the need therefor.

By reference to Tex.R.Civ.P. 21c, "Extensions of Time on Appeal" is the same requirement relative to other matters, i.e. where the motion for the extension is to be one reasonably explaining the need therefor. The term "reasonably explaining" as used in both rules means any plausible statement of circumstances indicating that the failure to timely file was not deliberate or intentional, but was the result of inadvertence, mistake or mischance.

By review of the Byars motion is discovered: (1) no verification of facts represented to exist; (2) the unverified allegation of "inadvertence" on the part of one stated to have been an attorney timely employed to file an answer in the case states no fact by which justification or plausible statement of circumstances could be considered to be presented.

Under these circumstances the proper order of the court is to deny the motion for extension of time, without prejudice to opportunity to seek relief by proof presented upon motion for rehearing.

Motion is denied.