**Jeffrey DOBSON, et al., Appellants,**

**v.**

**J. Lindsey SHORT, Receiver, Appellee.**

**No. A14–82–639CV.**

Court of Appeals of Texas,
Houston (14th Dist.).

Nov. 24, 1982.

Newton B. Schwartz, Houston, for appellants.

J. Lindsey Short, Jr., Houston, for appellee.

Before J. CURTISS BROWN, C.J., and MILLER and JUNELL, JJ.

JUNELL, Justice.

Appeal is taken from an order of the trial court granting a temporary injunction in favor of appellee J. Lindsey Short, enjoining appellant Jeffrey Dobson from prosecuting a forcible entry and detainer action on property situated in Jefferson County, Texas.

The trial court granted the temporary injunction by order dated September 3, 1982. Appellants filed their cost bond on September 17, 1982; the transcript was filed on September 29. The statement of facts was received by this court on October 29, 1982, along with "Appellant's Motion to File Statement of Facts Late."

Under the applicable rules, appellant was required to file the record and appeal bond within thirty days after the judgment was signed. Tex.R.Civ.P. 385(d). Appellants timely filed their cost bond and transcript, but the statement of facts was not received by this court until fifty-six days after the judgment was signed.

■ The question presented is whether this court has authority in an interlocutory appeal to grant a motion for leave to file a statement of facts which was not filed within the time limits imposed by Tex. R.Civ.P. 21c. We hold that we do not, and, accordingly deny appellant's motion for leave to file the statement of facts.

Rule 385, as it existed prior to the September, 1981 amendments, contained a specific time limit for obtaining an extension of time in which to file a record. The provisions of Rule 21c were thus inapplicable; the special provisions of Rule 385 were controlling. *Guaranty Bank v. Thornhill,* 596 S.W.2d 264 (Tex.Civ.App.—Corpus Christi 1980, writ dism'd). As amended, Rule 385 does not purport to furnish any time limits for filing an extension of time or to require any specific grounds as a basis for late filing of the record. However, Tex.R.Civ.P. 437 provides:

A judgment shall not be affirmed or reversed or an appeal dismissed for defects or irregularities in appellate procedure, either of form or substance, without allowing a reasonable time to correct or amend such defects or irregularities, provided the court may make no enlargement of time prohibited by Rule 5 nor any enlargement of the time for filing transcript and statement of facts except pursuant to Rule 21c.

Additionally, we feel that the reasoning used by the Texas Supreme Court in *B.D. Click Co. v. Safari Drilling Corp.,* 638 S.W.2d 860 (Tex.1982), is likewise applicable to interlocutory appeals. Since Rule 385 does not contain a deadline for filing motions for extension of time, Rule 21c should apply so as to firmly delineate the time limits from which appeal may be taken from interlocutory orders. To this end, Rule 385, like Rule 386, serves an important purpose by triggering the appellate time table by the date the judgment or order is signed. *See Click,* 638 S.W.2d at 862.

Moreover, the factor of expediency, inherently present in accelerated appeals, dictates that we employ these definite time limits in interlocutory appeals.

■ We hold that appellant's motion to file statement of facts in an accelerated

appeal must be filed within fifteen days of the last day for filing as prescribed by Rule 21c. Appellant has failed to timely file the statement of facts or a motion for extension of time within fifteen days of the due date. We therefore deny appellant's "Motion to File the Statement of Facts Late" and will allow the appeal to proceed based upon the matters appearing in the transcript only.