**Arthur C. SPLAWN, et ux., Appellants,**

v.

**Napoleon ZAVALA, et ux., Appellees.**

**No. 13955.**

Court of Appeals of Texas,
Austin.

May 18, 1983.

Rehearing Denied June 8, 1983.

Jack N. Price, Austin, for appellants.

John B. Meadows, Meadows & Otto, Austin, for appellees.

Before SHANNON, EARL W. SMITH and BRADY, JJ.

PER CURIAM.

Appellants Arthur and Janet Splawn have moved this Court for an extension of time in which to file their cost bond. We will overrule the motion.

Summary judgment was rendered and signed against appellants in the district court of Travis County of January 1, 1983. Motion for new trial was timely filed; therefore, the cost bond was due to be filed in the district court on April 4, 1983, ninety days after the summary judgment was signed. Tex.R.Civ.P.Ann. 356(a) (Supp. 1983). Appellants had fifteen days thereafter, until April 19, 1983, to file their motion for extension of time reasonably explaining the need for an extension. Tex.R. Civ.P.Ann. 356(b) (Supp.1983). Appellants' motion and cost bond were filed on April 14, 1983, within the fifteen day period set out by Rule 356(b).

The task of this Court is to determine if appellants' explanation of the need for an extension of time to file the cost

bond is a reasonable one. The test used in determining the reasonableness of an explanation under Rule 356(b) is the same as that used for extensions of time granted pursuant to Tex.R.Civ.P.Ann. 21c (Supp.1983)— that the failure to timely file was not deliberate or intentional, but was the result of inadvertence, mistake or mischance. *Byars v. Steel,* 625 S.W.2d 391 (Tex.App.1981, no writ). Appellants' explanation is two-fold: (1) that appellants' attorney withdrew after filing motion for new trial and appellants experienced difficulty in securing assistance of other counsel, and (2) that appellants have endeavored, on their own, to settle the case.

Regarding appellants' first explanation, present counsel for appellants filed an appearance in the district court on March 16, 1983, nineteen days before the cost bond was due to be filed. It is not reasonable to conclude that it would take that period of time to file the cost bond, especially in view of the fact that appellants' attorney acted as surety on the bond. Regarding the second explanation, there are no facts presented to this Court that show how appellants' endeavors to settle the case precluded them from timely filing their cost bond. As stated in *Southern Pacific Transportation Co. v. Yendrey,* 605 S.W.2d 676 (Tex.Civ.App.1980, no writ) (in construing Rule 21c):

> [a] liberal application of Rule 21c prevents harsh results whenever a reasonable explanation exists. However, the rule would be absurd and meaningless if any explanation would suffice. Efficient appellate practice would be seriously frustrated if an appellant were permitted to receive extensions of time when he has not even initiated some positive steps necessary to have the record prepared.

This Court has concluded that the explanation advanced by appellants is not reasonable. Accordingly, appellants' motion is overruled and the attempted appeal is dismissed.