**W.T. LEONE, et al., Appellants,**

v.

**S. NORDHAUS COMPANY, INC., Appellee.**

No. 04–83–00431–CV.

Court of Appeals of Texas, San Antonio.

July 11, 1984.

Rehearing Denied Sept. 12, 1984.

Bruce A. Baughman, Baytown, for appellants.

Stephen C. Caspers, San Antonio, for appellee.

Before ESQUIVEL, TIJERINA and DIAL, JJ.

OPINION

PER CURIAM.

This is an appeal from an order overruling appellant's plea of privilege.

The order was signed July 29, 1983. The transcript was due to be filed by August 29, 1983, TEX.R.CIV.P. 385, but was not tendered until September 20, 1983. Appellant did not file a motion for an extension of time in which to file the transcript. TEX.R.CIV.P. 21c. In the absence of a Rule 21c motion for extension of time, we cannot grant leave to file the transcript. *Meshwert v. Meshwert,* 549 S.W.2d 383, 384 (Tex.1977).

The appeal is dismissed. TEX.R.CIV.P. 386.

### ON APPELLANTS' MOTION FOR REHEARING

On July 11, 1984, we dismissed this appeal from an order overruling appellant's plea of privilege because of appellant's failure to timely file its transcript or to request an extension of time therefor. Rules 21c, 386.[1] Appellant has filed a motion for rehearing in which it argues that the transcript was timely filed.

At the time it was filed, this was a permitted appeal from an interlocutory order subject to the accelerated appellate timetable of Rule 385(d). The order appealed from was signed July 29, 1983. The transcript was due to be filed by August 29, 1983, thirty days after the order was signed. Rule 385(d). It was not filed until September 20, 1983, fifty-three days after the signing of the order. Appellant recognizes that no motions for new trial are permitted in such accelerated appeals, Rule 385(b), but it argues that its motion to modify the trial court's judgment extended the time for the filing of the transcript pursuant to Rule 386. We reject this contention.

We note that Rule 329b(g) states that a motion to modify shall extend the time for perfecting an appeal in the same manner as a motion for new trial. Yet Rule 385 specifically states that no motions for new trial shall be filed in accelerated appeals. We hold that the same should hold true for motions to modify the order, and that if

such a motion is filed, it will not extend the time in which the record must be filed. If it did, the provision for accelerated appeals of interlocutory orders would become meaningless. An appellant could obtain an extra seventy days within which to file his or her record merely by filing a motion to modify the trial court's order. If motions to modify extend the appellate timetable in the same manner as motions for new trial, they also should fail to extend the timetable in the same manner as motions for new trial.

We do not believe that Rule 329b(g) expresses an intention on the part of the supreme court to undermine the accelerated appellate timetable. If anything, the recent amendment to Rule 385(d) which shortens the time in which the bond is to be filed expresses an intention that appeals from interlocutory orders are indeed to remain accelerated.

The motion for rehearing is denied.

---

1. All references to rules are to the Texas Rules of Civil Procedure.