**Richard Huber SONFIELD, Appellant,**

v.

**Carlene Ray SONFIELD, Appellee.**

No. 01–86–0144–CV.

Court of Appeals of Texas,
Houston (1st Dist.).

April 10, 1986.

William W. Bivin, Bivin & Associates, Kingwood, for appellant.

James C. Henry, Houston, for appellee.

Before SAM BASS, COHEN and HOYT, JJ.

## OPINION

COHEN, Justice.

This is an appeal from an interlocutory order appointing a receiver. The appellant has filed a motion for an extension of time to file his record on appeal. The motion has been contested by the appellee on the grounds that the appellant has not prosecuted his appeal in good faith and that he has not reasonably explained his need for an extension of time. The appellee requests that the appeal be dismissed for failure to file the transcript.

The order appointing a receiver was signed January 15, 1986. Pursuant to Tex. R.Civ.P. 385, the record was required to be filed in this Court within 30 days after that date.

The appellant claims as support for his motion the "confusion" of the procedural timetable in this case because he filed an affidavit of inability to pay costs in lieu of an appeal bond. Rule 385 requires that an appeal bond or affidavit in lieu thereof be filed within 20 days after the order is signed. The appellant's affidavit was timely filed on January 31, 1986.

The general rule governing the time for perfecting appeals, Tex.R.Civ.P. 356, provides that if a contest to an affidavit in lieu of bond is sustained, the appellant is given an additional 10 days from the date the contest is sustained to file the bond. In the instant case, the appellant did not appear in person, or by counsel, at the hearing on his affidavit in lieu of bond. The appellee cites this as evidence of the appellant's bad faith and delaying tactics. The appellant claims that his failure to appear was due to his belief that the case would be settled and that the appeal would therefore be unnecessary. The trial court sustained the appellee's contest to the affidavit on February 20, 1986. The appeal bond was filed within 10 days, on February 28, 1986, by which time the appellant claims he discovered that the case would not be settled after all.

■ Though the filing of an affidavit in lieu of bond may affect the deadline for filing an appeal bond, it does not toll the time limits for filing the appellate *record.* See Tex.R.Civ.P. 385; *see also Guillen v. Claybrook,* 590 S.W.2d 146 (Tex.Civ.App.— San Antonio 1979, no writ). The record in this accelerated appeal was due on February 14, 1986, which was 30 days after the interlocutory order appealed from was signed. The record was not filed on or before this date, and 14 days later, the appellant filed a motion requesting an extension of an additional 27 days to file the record.

Unlike rule 386, governing ordinary appeals, the rule applying to accelerated appeals does not specifically incorporate Tex. R.Civ.P. 21c, which delineates the time limits and steps to be taken to request an extension of time for filing the record. Tex.R.Civ.P. 385. Some courts have held that rule 21c had no application to accelerated appeals. *See Guaranty Bank v. Thornhill,* 596 S.W.2d 264, 266 (Tex.Civ. App.—Waco 1980, writ dism'd); *Guaranty Bank v. Thompson,* 595 S.W.2d 633 (Tex. Civ.App.—Waco 1980, writ dism'd); *Transamerica Insurance Co. v. Price Construction, Inc.,* 577 S.W.2d 578 (Tex.Civ.App.— Eastland 1979, no writ); *State ex rel. Watkins v. Morgan,* 555 S.W.2d 217, 218 (Tex. Civ.App.—Waco 1977, writ ref'd n.r.e.); *Trial v. McCoy,* 535 S.W.2d 681, 682 (Tex. Civ.App.—El Paso 1976, no writ). Those courts reasoned that the version of rule 385 in effect at the time set forth a specific timetable governing appeals from interlocutory orders, and when a specific statutory provision conflicts with a general one, the specific statute controls. *See Sam Bassett Lumber Co. v. City of Houston,* 145 Tex. 492, 198 S.W.2d 879 (1947).

However, at the time those cases were decided, the applicable rules expressly provided that a motion to extend time had to be filed before the record was due or within five days thereafter. *See* Tex.R.Civ.P. 384 (Vernon 1980) (*repealed* effective Jan. 1, 1981); Tex.R.Civ.P. 385 (Vernon 1980) (*amended* effective Jan. 1, 1981). The 1981 amendments to rule 385 deleted the 5–day grace period for filing a motion to extend time to file the transcript in accelerated appeals. Now, subsection (d) provides only that "[f]ailure to file … the record … within the time specified, *unless reasonably explained,* shall be ground for dismissal or affirmance under Rule 387, but shall not affect the court's jurisdiction."

The previous version of rule 385 required a showing of "good cause" before an extension would be granted, and this condition was strictly construed in light of the purpose of the rule to expeditiously grant relief in an appeal from an interlocutory order. *See Mossy Oldsmobile, Inc. v. City*

*of Houston,* 562 S.W.2d 890, 891 (Tex.Civ. App.—Houston [1st Dist.] 1978, no writ). However, the rule as amended requires only that the need for an extension be "reasonably explained," the same standard used in rule 21c governing extensions in other types of appeals.

Since the 1981 changes to rule 385 became effective, the rule has been construed to make rule 21c applicable to accelerated appeals. *See Leone v. Nordhaus Co.,* 678 S.W.2d 129 (Tex.App.—San Antonio 1984, no writ); *Turner v. H.E. Butt Grocery Co.,* 645 S.W.2d 936 (Tex.App.—Austin 1983, no writ); *Dobson v. Short,* 654 S.W.2d 703 (Tex.App.—Houston [14th Dist.] 1982, no writ). Those courts have held that because an appellant had not timely filed a motion to extend *under rule 21c,* late-filed documents would not be accepted. The courts stated that the appellant could have protected the right to appeal by seeking an extension under rule 21c.

■ Even if, arguendo, rule 21c applies to extend the timetable governing accelerated appeals, we find that in this case, the appellant has not "reasonably explained" his failure to file the transcript on time. The appellant attempts to justify his need for an extension with his confusion about (1) whether the case "is properly filed," (2) whether the order appointing a receiver to sell the subject property and to deposit the proceeds in the registry of the court "pending final disposition of this cause" is an interlocutory or a final order, and (3) the fact that in an accelerated appeal, the record may be due before the bond.

■ The appellant further contends that he is not "financially fit to bear the cost of an appeal," but he did not appear at the hearing on his affidavit in lieu of cost bond. The burden at such a hearing is on the appellant to support the allegations in his affidavit. Tex.R.Civ.P. 355. The appellant asserts in his motion that at the time of the hearing and when the record was due, he was attempting to settle the case and had instructed his attorney to quit the appeal. However, this Court has held that

a party must aggressively pursue his accelerated appeal remedies, and "is not justified in waiting" to file the record pending the resolution of issues collateral to the appeal. *Mossy Oldsmobile, Inc.,* 562 S.W.2d at 891. Allowing extensions of time in an accelerated appeal without reasonable explanation defeats the purpose of such appeals.

We find that the appellant has failed to meet the requirements of rule 385, and we deny his motion to extend time to file the transcript. Pursuant to Tex.R.Civ.P. 387, we grant the appellee's request to dismiss this interlocutory appeal.