**BIRMINGHAM FIRE INSURANCE COMPANY OF PENNSYLVANIA, American International Adjustment Company, Inc., and AIG Claims Services, Appellants,**

v.

**AMERICAN NATIONAL FIRE INSURANCE COMPANY,**
Appellee.

No. 06–96–00054–CV.

Court of Appeals of Texas, Texarkana.

July 17, 1996.

E. Lawrence Merriman, Merriman, Patterson and Allison, Longview, for appellant AIG Claims Services.

James D. Wise, Jr., Brown, Sims, Wise and White, Houston, for appellant Birmingham Fire Ins.

Jack W. Tucker, Jr., Tucker, Hendryx, Snyder and Slade, Houston, for appellant American Intern. Adjustment.

Herbert Boyland, Harbour, Kenley, Boyland and Smith, T. John Ward, Brown, McCarrol & Oaks Hartline, Longview, Chris C. Pappas, Dunn, Kacal, Adams, Pappas and Law, Houston, for appellee.

Before CORNELIUS, C.J., and GRANT, J.

## ORDER

GRANT, Justice.

Birmingham Fire Insurance Company, American International Adjustment Company, and AIG Claims Services have filed a motion to extend time to file the record. We publish our order granting relief due to the unusual facts of this case.

The appellants filed timely notices of appeal with attached appeal bonds on March 15, 1996. Those documents reflect a united desire to appeal to the Sixth Court of Appeals in Texarkana, by specifically naming this court by number and location. When, however, the appellants requested preparation of the transcript and statement of facts, the transmittal letters directed the district clerk and the court reporter to send the record to the **Sixth Court of Appeals in Tyler.**

The appellees noted the errors and raised a question of jurisdiction before the Twelfth Court of Appeals in Tyler. The Tyler court directed the appellants to show how it had jurisdiction in this case or suffer a dismissal. The appellants prepared (and presumably filed, although our copies are not file-marked) amended notices of appeal and appeal bonds, designating the Tyler court as the court to which they wished to appeal. These documents are dated June 24, 1996.

Since then, on June 27, 1996, the Tyler Court abated the appeal as suggested in *Miles v. Ford Motor Co.,* 914 S.W.2d 135 (Tex.1995), and otherwise overruled appellants' motions to retain the appeal.

## JURISDICTION

■ The first question is whether this court of appeals has jurisdiction over this case. Gregg County, the case from which this case is appealed, lies in two different appellate districts. Appeals from Gregg County may be taken either to the Sixth or Twelfth Court of Appeals at the option of the appellant.[1]

■ *Miles* states that jurisdiction lies in the appellate court where the appeal is first **perfected.** An appeal is **perfected** when the appeal bond is filed. TEX.R.APP. P. 40. As pointed out above, the documents initially filed to begin the process of an appeal designated the Sixth Court of Appeals in Texar-

---

1. *See Miles v. Ford Motor Co.,* 914 S.W.2d 135, 137–38 n. 4 (Tex.1995), for a discussion of various methods used to allocate appeals where appellate districts overlap.

kana as the appellate court of choice.[2] When the bonds were filed, the appeal was perfected in this court. When that occurred, this court of appeals acquired exclusive jurisdiction over the entire controversy. *Miles,* 914 S.W.2d at 138. Therefore, jurisdiction lies solely in this court. No interference with the "previously attached jurisdiction of another court of co-ordinate power" is permissible under law. *Miles,* 914 S.W.2d at 138 (citing *Morrow v. Corbin,* 122 Tex. 553, 62 S.W.2d 641, 645 (1933)).

■ Appellate jurisdiction cannot be created by consent, stipulation of the parties, or waiver, either by the court or by litigants. *Welder v. Fritz,* 750 S.W.2d 930 (Tex.App.— Corpus Christi 1988, no writ). Jurisdiction is fundamental and cannot be ignored by this court or waived by the parties. *In re Johnson,* 595 S.W.2d 900, 902 (Tex.Civ.App.— Amarillo 1980, writ dism'd w.o.j.). When jurisdiction does not lie in an appellate court, it normally has only the power to recognize that fact and dismiss the appeal for want of jurisdiction, regardless of any agreement or waiver by the parties. *Ellison v. Panhandle & Santa Fe Ry. Co.,* 306 S.W.2d 909 (Tex. Civ.App.—Amarillo 1957, no writ). This rule has been somewhat altered by *Miles,* in which the court held that in this context one appeal should be abated, pending the completion of the appeal in the sister court.

■ Appellants suggest that they had the **right** to amend their bond to name a different court of appeals. To invoke the jurisdiction of the court of appeals, an instrument must be filed pursuant to Tex.R.App. P. 40(a), 41(a). In *Jamar v. Patterson,* 868 S.W.2d 318, 319 (Tex.1993), the Texas Supreme Court stated that, "[i]t is our policy to construe rules reasonably but liberally, when possible, so that the right to appeal is not lost by creating a requirement not absolutely necessary from the literal words of the rule."[3]

The courts consistently use language in reviewing a bond presuming that the bonds are in some way defective and therefore need to be amended in order to make them effective. The courts, in effect, employ bona-fide-attempt language to determine whether an appellant adequately attempted to file an appeal in deciding whether the appeal had been perfected. *Maxfield v. Terry,* 888 S.W.2d 809, 811 (Tex.1994). These holdings give the appellant the right to amend a defective bond in order to perfect properly an appeal.

In the present case we face a different problem. The bonds as filed are entirely adequate, and the appeal was perfected by their filings. No defect in the designation of a court appears. In the absence of a defect, no amendment was necessary to perfect the appeal. To permit an appellant to change his proper designation from one appellate court to another after perfecting the appeal in the first, under the guise of amending the bond, would open the door to permit an appellant in any appellate district containing overlapping jurisdiction to change his selection of a court after making the election. This was not contemplated under the rules of appellate procedure and could, if permitted, be disruptive to the process.

In the present situation, we find it appropriate to treat the filings in the wrong court as being a bona fide effort to perfect the appeal, even when negligence may exist on the part of one of the parties. *See Garcia v. Kastner Farms, Inc.,* 774 S.W.2d 668, 670 (Tex.1989). The appeal is perfected in this court. The attempted amendment to name the Twelfth Court of Appeals is without effect.

■ The final issue is whether the record can be properly filed in this court, recognizing that the original motions to extend time to file the record were filed in the Tyler court.

*Parts Imports, Inc.,* 813 S.W.2d 499, 500 (Tex. 1991) (dismissing appeal is improper if the appellant timely files a document in a bona fide attempt to invoke the appellate court's jurisdiction, unless the court of appeals allows the appellant an opportunity to amend or refile the instrument to perfect the appeal).

---

**2.** It appears likely that the transcript was sent to Tyler only because of a clerical error.

**3.** *See, e.g., City of San Antonio v. Rodriguez,* 828 S.W.2d 417 (Tex.1992) (failing to put the correct cause number on the cost bond will not preclude appellant's attempt to invoke appellate jurisdiction); *Grand Prairie Indep. Sch. Dist. v. Southern*

■ An instrument is deemed as filed with the proper clerk of an appellate court once it is received by the clerk's agent. *See Mr. Penguin Tuxedo Rental & Sales, Inc. v. NCR Corp.,* 787 S.W.2d 371, 372 (Tex.1990); *Standard Fire Ins. Co. v. LaCoke,* 585 S.W.2d 678, 681 (Tex.1979); *Gonzalez v. Vaello,* 91 S.W.2d 904, 905 (Tex.Civ.App.—San Antonio 1936, writ dism'd).

Under the unique facts of this case, we find it appropriate to consider the clerk of the Twelfth Court of Appeals as the agent of this court for purposes of receiving and filing these motions, and we therefore consider the motions to extend time to file the record that were filed with that court as having been filed here.

Based upon the timely filing with the Twelfth Court of the earlier motions to extend time to file the record, we hold that the motions to extend time are timely under Tex.R.App. P. 54(a), (c), and grant an extension to file the transcript and statement of facts to July 31, 1996.

IT IS SO ORDERED.

STARR, J., not participating.