COURT OF APPEALS

                                       SECOND DISTRICT OF TEXAS

                                                   FORT WORTH

 

 

                                       NO.
 2-09-420-CV

 

                                                                                                        

AMEGY BANK OF TEXAS, N.A.
                                            APPELLANT

 

 

                                                   V.

 

TITAN SERVICES, LLC                                                            APPELLEE

 

 

                                              ------------

 

         FROM
COUNTY COURT AT LAW NO. 2 OF TARRANT COUNTY

 

                                              ------------

 

                                MEMORANDUM OPINION[1]

 

                                              ------------








Appellant
Amegy Bank of Texas, N.A., garnishee, attempts to perfect an appeal from an
adverse judgment signed on August 14, 2009. 
Appellant=s notice of appeal was due on
November 12, 2009.  Appellant filed a
notice of appeal and a motion for extension of time to file its notice of
appeal on November 30, 2009.  Appellee
did not file a response to Appellant=s
motion.[2]








A timely
notice of appeal is essential to invoke our appellate jurisdiction.[3]  If the notice is untimely, then we can take
no action other than to dismiss the appeal.[4]  However, the deadline for filing a notice of
appeal may be extended if, within fifteen days after the filing deadline, the
party files the notice of appeal and a motion complying with Rule 10.5.[5]  Rule 10.5 includes the requirement that
Appellant Areasonably explain@ its
need for an extension.[6]  A Areasonable
explanation@ is Aany
plausible statement of circumstances indicating that failure to file within the
[specified] period was not deliberate or intentional, but was the result of
inadvertence, mistake or mischance.@[7]  We apply a liberal standard of review wherein
A[a]ny
conduct short of deliberate or intentional noncompliance qualifies as inadvertence,
mistake or mischance.@[8] 

In this
case, Appellant=s notice of appeal was not filed
within the deadline provided by Rule 26.1(a).[9]  However, Appellant filed a motion for
extension of time and a notice of appeal within the fifteen-day grace period[10]
provided by Rule 26.3.[11]  According to Appellant=s
motion, Appellant=s notice of appeal was untimely
because Appellant needed additional time to evaluate (1) the merits of its
appeal, (2) the likelihood of success on appeal, and (3) the possibility of
settlement.  








Texas
courts have granted motions for extension of time to file a notice of appeal
where the proferred explanation was a misunderstanding of applicable appellate
rules, such as an erroneous calculation of the perfection deadline or following
the time requirements of a repealed rule;[12]
an improperly calendared deadline;[13]
calculating the deadline under a repealed rule rather than the current rule; a
miscommunication between counsel and clients;[14]
and a mistaken designation of the wrong court of appeals.[15]


However,
Texas courts deem an explanation unreasonable when the explanation reveals a defendant's conscious or strategic decision to wait
to file a notice of appeal because the explanation did not show inadvertence,
mistake, or mischance.[16]








Specifically,
ongoing settlement negotiations do not excuse the failure to make a timely
request.[17]  The point of a deadline is to force the
issue.[18]  Should an appellant, cognizant of a deadline,
fail to decide whether to appeal, the deadline thereby decides the issue by
default.[19]








Here,
Appellant=s explanation in the motion does
not indicate an unawareness of the deadline for filing a notice of appeal, a
misunderstanding of applicable appellate rules, or a miscommunication between
counsel and clients.  Instead, the
explanation shows Appellant consciously ignored the deadline in favor of
deliberately evaluating whether to file an appeal.  And Appellant presents no evidence or
argument as to why on-going settlement discussions precluded the filing of a
timely notice of appeal.[20]


Even
applying the liberal standard of review adopted in Hone, we conclude
that Appellant has not offered a reasonable explanation for its failure to
timely file its notice of appeal.[21]  Accordingly, Appellant=s motion
for extension of time to file its notice of appeal is denied.  Because Appellant=s notice
of appeal was not timely filed, we dismiss the appeal for want of
jurisdiction.      

PER CURIAM

 

PANEL:  GARDNER, WALKER, and
MCCOY, JJ.

 

DELIVERED:  January 7, 2010











[1]See Tex. R.
App. P. 47.1.





[2]According to Appellant=s Certificate of Conference, the parties discussed
Appellant=s notice of appeal and motion by telephone on November
24, 2009, but failed to reach an agreement because Appellee=s
counsel sought to confer with Appellee before agreeing to or opposing Appellant=s
motion.





[3]In re A.L.B.,
56 S.W.3d 651, 652 (Tex. App.CWaco 2001, no pet.).





[4]Id.





[5]See Tex. R.
App. P. 26.3. 





[6]See Tex. R.
App. P. 10.5(b)(1)(C), (b)(2)(A). 





[7]Hone v. Hanafin,
104 S.W.3d 884, 886 (Tex. 2003) (quoting Meshwert v. Meshwert, 549
S.W.2d 383, 384 (Tex. 1977)). 





[8]Id. at 886
(quoting Garcia v. Kastner Farms, Inc., 774 S.W.2d 668, 670 (Tex.
1989)).





[9]See Tex. R.
App. P. 26.1(a).  





[10]Due to an intervening holiday, Appellant=s
fifteen-day grace period ended November 30, 2009, the day Appellant filed the
notice and motion with this court, rather than November 27, 2009.





[11]See Tex. R.
App. P. 26.3.





[12]Hone, 104
S.W.3d at 886; Dimotsis v. Lloyds, 966 S.W.2d 657, 657B58 (Tex.
App.CSan Antonio 1998, no writ); Heritage Life Ins. Co.
v. Heritage Group Holding Corp., 751 S.W.2d 229, 232 (Tex. App.CDallas
1988, writ denied) (op. on reh=g).  





[13]Gregorian v. Ewell, 106 S.W.3d 257, 258 (Tex. App.CFort Worth 2003, 
no pet.).





[14]Hughes v. Tex. Instruments, Inc., No. 05-99-01443-CV, 1999 WL 805084, at *2 (Tex. App.CDallas
Oct. 11, 1999, no pet.) (mem. op., not designated for publication).





[15]Birmingham Fire Ins. Co. of Pa. v. Am. Nat. Fire Ins.
Co., 928 S.W.2d 226, 228 (Tex. App.CTexarkana
1996, no writ); Garcia, 774 S.W.2d at 670.





[16]See, e.g., Hykonnen v. Baker Hughes Bus. Support
Servs., 93 S.W.3d 562, 563B64 (Tex.
App.CHouston [14th Dist.] 2002, no pet.) (holding
appellant's explanation unreasonable when he failed to perfect appeal until he
found attorney to represent him on appeal at little or no cost); Rodman v.
State, 47 S.W.3d 545, 548B49 (Tex. App.CAmarillo 2000, no pet.) (holding explanation
unreasonable when appellant decided to appeal to preserve eligibility for probation
in upcoming trials, after expiration of time for filing notice of appeal, once
the State disclosed its intent to indict appellant for other crimes); Kidd
v. Paxton, 1 S.W.3d 309, 310B13 (Tex. App.CAmarillo 1999, no pet.) (op. on reh=g)
(holding explanations unreasonable when counsel miscalculated the filing date
but didn=t file by the incorrectly calculated date, and
explained that counsel was preoccupied with other cases without detailing the
complexities and relevant deadlines of other cases); Weik v. Second Baptist
Church of Houston, 988 S.W.2d 437, 439 (Tex. App.CHouston
[1st Dist.] 1999, pet. denied) (holding appellant=s explanation unreasonable when he delayed appeal
because his lawyer told him that trial court could reinstate case and appellant
would have difficult time prosecuting claim because of trial court=s
displeasure with appellant); see also Gamecom, Inc. v. Bragg, No.
02-02-00267-CV (Tex. App.CFort Worth Aug. 30, 2002) (mem. op., not designated
for publication) (denying motion for extension when appellant=s
failure to timely file notice of appeal was due to an unripe appeal).





[17]Inman=s Corp. v. Transamerica Commercial Fin. Corp., 825 S.W.2d 473, 477 (Tex. App.CDallas
1991, no writ); Sonfield v. Sonfield, 709 S.W.2d 326, 328 (Tex. App.CHouston
[1st Dist.] 1986, no writ); Splawn v. Zavala, 652 S.W.2d 578, 579 (Tex.
App.CAustin 1983, no writ). 





[18]Inman=s Corp., 825
S.W.2d at 477.





[19]See id.





[20]See Splawn,
652 S.W.2d at 579. 





[21]See Hone,
104 S.W.3d at 886.