

# COURT OF APPEALS
## SECOND DISTRICT OF TEXAS
## FORT WORTH

NO. 2-09-420-CV

AMEGY BANK OF TEXAS, N.A.                                      APPELLANT

V.

TITAN SERVICES, LLC                                             APPELLEE

------------

## FROM COUNTY COURT AT LAW NO. 2 OF TARRANT COUNTY

------------

## MEMORANDUM OPINION[1]

------------

Appellant Amegy Bank of Texas, N.A., garnishee, attempts to perfect an appeal from an adverse judgment signed on August 14, 2009. Appellant's notice of appeal was due on November 12, 2009. Appellant filed a notice of

---

[1] ... *See* Tex. R. App. P. 47.1.

appeal and a motion for extension of time to file its notice of appeal on November 30, 2009. Appellee did not file a response to Appellant's motion.[2]

A timely notice of appeal is essential to invoke our appellate jurisdiction.[3] If the notice is untimely, then we can take no action other than to dismiss the appeal.[4] However, the deadline for filing a notice of appeal may be extended if, within fifteen days after the filing deadline, the party files the notice of appeal and a motion complying with Rule 10.5.[5] Rule 10.5 includes the requirement that Appellant "reasonably explain" its need for an extension.[6] A "reasonable explanation" is "any plausible statement of circumstances indicating that failure to file within the [specified] period was not deliberate or intentional, but was the result of inadvertence, mistake or mischance."[7] We

---

[2] According to Appellant's Certificate of Conference, the parties discussed Appellant's notice of appeal and motion by telephone on November 24, 2009, but failed to reach an agreement because Appellee's counsel sought to confer with Appellee before agreeing to or opposing Appellant's motion.

[3] *In re A.L.B.*, 56 S.W.3d 651, 652 (Tex. App.—Waco 2001, no pet.).

[4] *Id.*

[5] *See* Tex. R. App. P. 26.3.

[6] *See* Tex. R. App. P. 10.5(b)(1)(C), (b)(2)(A).

[7] *Hone v. Hanafin*, 104 S.W.3d 884, 886 (Tex. 2003) (quoting *Meshwert v. Meshwert*, 549 S.W.2d 383, 384 (Tex. 1977)).

apply a liberal standard of review wherein "[a]ny conduct short of deliberate or intentional noncompliance qualifies as inadvertence, mistake or mischance."[8]

In this case, Appellant's notice of appeal was not filed within the deadline provided by Rule 26.1(a).[9] However, Appellant filed a motion for extension of time and a notice of appeal within the fifteen-day grace period[10] provided by Rule 26.3.[11] According to Appellant's motion, Appellant's notice of appeal was untimely because Appellant needed additional time to evaluate (1) the merits of its appeal, (2) the likelihood of success on appeal, and (3) the possibility of settlement.

Texas courts have granted motions for extension of time to file a notice of appeal where the proferred explanation was a misunderstanding of applicable appellate rules, such as an erroneous calculation of the perfection deadline or following the time requirements of a repealed rule;[12] an improperly calendared

---

[8] *Id.* at 886 (quoting *Garcia v. Kastner Farms, Inc.*, 774 S.W.2d 668, 670 (Tex. 1989)).

[9] *See* Tex. R. App. P. 26.1(a).

[10] Due to an intervening holiday, Appellant's fifteen-day grace period ended November 30, 2009, the day Appellant filed the notice and motion with this court, rather than November 27, 2009.

[11] *See* Tex. R. App. P. 26.3.

[12] *Hone*, 104 S.W.3d at 886; *Dimotsis v. Lloyds*, 966 S.W.2d 657, 657–58 (Tex. App.—San Antonio 1998, no writ); *Heritage Life Ins. Co. v.*

deadline;[13] calculating the deadline under a repealed rule rather than the current rule; a miscommunication between counsel and clients;[14] and a mistaken designation of the wrong court of appeals.[15]

However, Texas courts deem an explanation unreasonable when the explanation reveals a defendant's conscious or strategic decision to wait to file a notice of appeal because the explanation did not show inadvertence, mistake, or mischance.[16]

---

*Heritage Group Holding Corp.*, 751 S.W.2d 229, 232 (Tex. App.—Dallas 1988, writ denied) (op. on reh'g).

[13] ... *Gregorian v. Ewell*, 106 S.W.3d 257, 258 (Tex. App.—Fort Worth 2003, no pet.).

[14] ... *Hughes v. Tex. Instruments, Inc.*, No. 05-99-01443-CV, 1999 WL 805084, at *2 (Tex. App.—Dallas Oct. 11, 1999, no pet.) (mem. op., not designated for publication).

[15] ... *Birmingham Fire Ins. Co. of Pa. v. Am. Nat. Fire Ins. Co.*, 928 S.W.2d 226, 228 (Tex. App.—Texarkana 1996, no writ); *Garcia*, 774 S.W.2d at 670.

[16] ... *See, e.g., Hykonnen v. Baker Hughes Bus. Support Servs.*, 93 S.W.3d 562, 563–64 (Tex. App.—Houston [14th Dist.] 2002, no pet.) (holding appellant's explanation unreasonable when he failed to perfect appeal until he found attorney to represent him on appeal at little or no cost); *Rodman v. State*, 47 S.W.3d 545, 548–49 (Tex. App.—Amarillo 2000, no pet.) (holding explanation unreasonable when appellant decided to appeal to preserve eligibility for probation in upcoming trials, after expiration of time for filing notice of appeal, once the State disclosed its intent to indict appellant for other crimes); *Kidd v. Paxton*, 1 S.W.3d 309, 310–13 (Tex. App.—Amarillo 1999, no pet.) (op. on reh'g) (holding explanations unreasonable when counsel miscalculated the filing date but didn't file by the incorrectly calculated date, and explained that counsel was preoccupied with other cases without detailing

Specifically, ongoing settlement negotiations do not excuse the failure to make a timely request.[17] The point of a deadline is to force the issue.[18] Should an appellant, cognizant of a deadline, fail to decide whether to appeal, the deadline thereby decides the issue by default.[19]

Here, Appellant's explanation in the motion does not indicate an unawareness of the deadline for filing a notice of appeal, a misunderstanding of applicable appellate rules, or a miscommunication between counsel and clients. Instead, the explanation shows Appellant consciously ignored the deadline in favor of deliberately evaluating whether to file an appeal. And

---

the complexities and relevant deadlines of other cases); *Weik v. Second Baptist Church of Houston*, 988 S.W.2d 437, 439 (Tex. App.—Houston [1st Dist.] 1999, pet. denied) (holding appellant's explanation unreasonable when he delayed appeal because his lawyer told him that trial court could reinstate case and appellant would have difficult time prosecuting claim because of trial court's displeasure with appellant); *see also Gamecom, Inc. v. Bragg*, No. 02-02-00267-CV (Tex. App.—Fort Worth Aug. 30, 2002) (mem. op., not designated for publication) (denying motion for extension when appellant's failure to timely file notice of appeal was due to an unripe appeal).

[17] *Inman's Corp. v. Transamerica Commercial Fin. Corp.*, 825 S.W.2d 473, 477 (Tex. App.—Dallas 1991, no writ); *Sonfield v. Sonfield*, 709 S.W.2d 326, 328 (Tex. App.—Houston [1st Dist.] 1986, no writ); *Splawn v. Zavala*, 652 S.W.2d 578, 579 (Tex. App.—Austin 1983, no writ).

[18] *Inman's Corp.*, 825 S.W.2d at 477.

[19] *See id.*

5

Appellant presents no evidence or argument as to why on-going settlement discussions precluded the filing of a timely notice of appeal.[20]

Even applying the liberal standard of review adopted in *Hone*, we conclude that Appellant has not offered a reasonable explanation for its failure to timely file its notice of appeal.[21]  Accordingly, Appellant's motion for extension of time to file its notice of appeal is denied.  Because Appellant's notice of appeal was not timely filed, we dismiss the appeal for want of jurisdiction.

PER CURIAM

PANEL:  GARDNER, WALKER, and MCCOY, JJ.

DELIVERED:  January 7, 2010

---

[20]... *See Splawn*, 652 S.W.2d at 579.

[21]... *See Hone*, 104 S.W.3d at 886.

6