COURT OF APPEALS

                                                 SECOND
DISTRICT OF TEXAS

                                                                FORT
WORTH

 

 

                                       NO.
 2-10-197-CV

 

 

TERESA STEPHENS                                                             APPELLANT

 

                                                   V.

 

PHYLLIS STEPHENS, ERIC
BLANCO,                                        APPELLEES

CAROLYN O=DELL, EMMETT GLENN, 

NEIL MCCABE, WILMA VICEDOMINE, 

AND DON CLARK

 

                                              ------------

 

           FROM
THE 352ND DISTRICT COURT OF TARRANT COUNTY

 

                                              ------------

 

                                MEMORANDUM OPINION[1]

 

                                              ------------








Appellant
Teresa Stephens attempts to perfect an appeal from an adverse judgment signed
on March 11, 2010.  Appellant=s notice
of appeal was due on June 9, 2010.  On
that day, Appellant mailed a motion for extension of time to file her notice of
appeal that was filed with this court on June 11, 2010.  This court granted Appellant=s motion
and ordered Appellant to file her notice of appeal with the trial court no
later than June 24, 2010.  Appellant
filed her notice of appeal in this court on June 24, 2010.  In the interim, on June 21, 2010, Appellees
Wilma Vicedomine, Neil McCabe, Don Clark, and Carolyn O=Dell
filed a motion to reconsider our ruling on Appellant=s motion
for extension of time to file notice of appeal. 
Although more than ten days have elapsed since Appellees filed their
motion to reconsider, Appellant has not filed a response to Appellees= motion.









A timely
notice of appeal is essential to invoke our appellate jurisdiction.[2]  If the notice is untimely, then we can take
no action other than to dismiss the appeal.[3]  However, the deadline for filing a notice of
appeal may be extended if, within fifteen days after the filing deadline, the
party files the notice of appeal and a motion complying with rule 10.5.[4]  Rule 10.5 includes the requirement that
Appellant Areasonably explain@ her
need for an extension.[5]  A Areasonable
explanation@ is Aany
plausible statement of circumstances indicating that failure to file within the
[specified] period was not deliberate or intentional, but was the result of
inadvertence, mistake or mischance.@[6]  We apply a liberal standard of review wherein
A[a]ny
conduct short of deliberate or intentional noncompliance qualifies as
inadvertence, mistake or mischance.@[7] 

In this
case, Appellant=s notice of appeal was not filed
within the deadline provided by rule 26.1(a).[8]  However, Appellant filed a motion for
extension of time within the fifteen-day grace period provided by rule 26.3[9]
and a notice of appeal by the June 24, 2010 deadline imposed by this
court.  According to Appellant=s
motion, she needed additional time to file her notice of appeal because (1) she
Ahad
hoped the trial court would set a hearing for [her] Motion to Void Judgment
before the [notice of appeal] deadline,@ but the
hearing was never scheduled; and (2) she Ais disabled
[and] is unable to prepare for an appeal without the assistance of counsel and
is subsequently filing a Motion to Appoint Counsel for this appeal as she is
unable to do on her own.@[10]  








Texas
courts have granted motions for extension of time to file a notice of appeal
where the proferred explanation was a misunderstanding of applicable appellate
rules, such as an erroneous calculation of the perfection deadline or following
the time requirements of a repealed rule;[11]
an improperly calendared deadline;[12]
a miscommunication between counsel and clients;[13]
and a mistaken designation of the wrong court of appeals.[14]


However,
Texas courts deem an explanation unreasonable when the explanation reveals an
appellant=s conscious
or strategic decision to wait to file a notice of appeal because the
explanation did not show inadvertence, mistake, or mischance.[15]








Specifically,
intentionally choosing to delay the filing of a notice of appeal until the
trial court disposes of a motion for new trial does not excuse the failure to
timely file a notice of appeal.[16]  The point of a deadline is to force the
issue.[17]  Should an appellant, cognizant of a deadline,
fail to decide whether to appeal, the deadline thereby decides the issue by
default.[18]








Here,
Appellant=s explanation for needing an
extension does not indicate an unawareness of the deadline for filing a notice
of appeal or a misunderstanding of applicable appellate rules.  Instead, Appellant=s
explanation reveals that she consciously ignored the deadline while waiting for
the trial court to rule on her pending motion. 
And Appellant presents no legitimate argument as to why she could not
timely file a notice of appeal while waiting for the trial court=s
ruling.[19]

Even
applying the liberal standard of review adopted in Hone, we conclude
that Appellant has not offered a reasonable explanation for her failure to
timely file her notice of appeal.[20]  Accordingly, Appellees= motion
to reconsider our ruling granting Appellant=s motion
for extension of time to file her notice of appeal is granted.  Therefore, we now deny Appellant=s motion
for extension of time to file notice of appeal. 
Furthermore, because Appellant=s notice
of appeal was not timely filed and Appellant=s
explanations for requiring an extension do not satisfy the requirements of rule
10.5, we dismiss this appeal for want of jurisdiction.      

PER CURIAM

 

PANEL:  GARDNER, J.; LIVINGSTON,
C.J.; and MEIER, J.

 

DELIVERED:  August 31, 2010      











[1]See Tex. R. App. P. 47.4.





[2]In re A.L.B., 56 S.W.3d 651, 652
(Tex. App.CWaco 2001, no pet.).





[3]Id.





[4]See Tex. R. App. P. 26.3. 





[5]See Tex. R. App. P.
10.5(b)(1)(C), (b)(2)(A). 





[6]Hone v. Hanafin, 104 S.W.3d 884, 886
(Tex. 2003) (quoting Meshwert v. Meshwert, 549 S.W.2d 383, 384 (Tex.
1977)). 





[7]Id. at 887 (quoting Garcia
v. Kastner Farms, Inc., 774 S.W.2d 668, 670 (Tex. 1989)).





[8]See Tex. R. App. P.
26.1(a).  





[9]See Tex. R. App. P. 26.3.





[10]Appellant has not filed
any such motion for appointment of counsel.





[11]Hone, 104 S.W.3d at 886; Dimotsis
v. Lloyds, 966 S.W.2d 657, 657B58 (Tex. App.CSan Antonio 1998, no writ); Heritage Life Ins.
Co. v. Heritage Group Holding Corp., 751 S.W.2d 229, 232 (Tex. App.CDallas 1988, writ denied)
(op. on reh=g).  





[12]Gregorian v. Ewell, 106 S.W.3d 257, 258
(Tex. App.CFort Worth 2003, no
pet.).





[13]Hughes v. Tex.
Instruments, Inc., No. 05-99-01443-CV, 1999 WL 805084, at *2 (Tex. App.CDallas Oct. 11, 1999, no
pet.) (not designated for publication).





[14]Garcia, 774 S.W.2d at 670;
Birmingham Fire Ins. Co. of Pa. v. Am. Nat. Fire Ins. Co., 928 S.W.2d 226,
228 (Tex. App.CTexarkana 1996, no writ).





[15]See, e.g., Hykonnen v.
Baker Hughes Bus. Support Servs., 93 S.W.3d 562, 563B64 (Tex. App.CHouston [14th Dist.]
2002, no pet.) (holding appellant=s explanation unreasonable when he failed to
perfect appeal until he found attorney to represent him on appeal at little or
no cost); Rodman v. State, 47 S.W.3d 545, 548B49 (Tex. App.CAmarillo 2000, no pet.)
(op. on reh=g) (holding explanation
unreasonable when appellant decided to appeal to preserve eligibility for
probation in upcoming trials, after expiration of time for filing notice of
appeal, once the State disclosed its intent to indict appellant for other
crimes); Weik v. Second Baptist Church of Houston, 988 S.W.2d 437, 439
(Tex. App.CHouston [1st Dist.] 1999,
pet. denied) (holding appellant=s explanation unreasonable when he delayed appeal
because his lawyer told him that trial court could reinstate case and appellant
would have difficult time prosecuting claim because of trial court=s displeasure with
appellant).





[16]Green v. Cypress
Fairbanks Med. Ctr. Hosp., No. 04-01-00434-CV, 2001 WL 1665106, at *1 (Tex. App.CSan Antonio Dec. 31,
2001, no pet.) (not designated for publication); see also Inman=s Corp. v. Transamerica
Commercial Fin. Corp., 825 S.W.2d 473, 477 (Tex. App.CDallas 1991, no writ); Sonfield v. Sonfield,
709 S.W.2d 326, 328 (Tex. App.CHouston [1st Dist.] 1986, no writ); Splawn v.
Zavala, 652 S.W.2d 578, 579 (Tex. App.CAustin 1983, no writ). 





[17]Inman=s Corp., 825 S.W.2d at 477.





[18]See id.





[19]See Splawn, 652 S.W.2d at 579. 





[20]104 S.W.3d at 886.