

# COURT OF APPEALS

## SECOND DISTRICT OF TEXAS

### FORT WORTH

NO. 2-10-197-CV

TERESA STEPHENS                                                    APPELLANT

V.

PHYLLIS STEPHENS, ERIC BLANCO,                              APPELLEES
CAROLYN O'DELL, EMMETT GLENN,
NEIL MCCABE, WILMA VICEDOMINE,
AND DON CLARK

------------

FROM THE 352ND DISTRICT COURT OF TARRANT COUNTY

------------

## MEMORANDUM OPINION[1]

------------

Appellant Teresa Stephens attempts to perfect an appeal from an adverse

judgment signed on March 11, 2010. Appellant's notice of appeal was due on

June 9, 2010. On that day, Appellant mailed a motion for extension of time to

file her notice of appeal that was filed with this court on June 11, 2010. This

---

[1]See Tex. R. App. P. 47.4.

court granted Appellant's motion and ordered Appellant to file her notice of appeal with the trial court no later than June 24, 2010. Appellant filed her notice of appeal in this court on June 24, 2010. In the interim, on June 21, 2010, Appellees Wilma Vicedomine, Neil McCabe, Don Clark, and Carolyn O'Dell filed a motion to reconsider our ruling on Appellant's motion for extension of time to file notice of appeal. Although more than ten days have elapsed since Appellees filed their motion to reconsider, Appellant has not filed a response to Appellees' motion.

A timely notice of appeal is essential to invoke our appellate jurisdiction.[2] If the notice is untimely, then we can take no action other than to dismiss the appeal.[3] However, the deadline for filing a notice of appeal may be extended if, within fifteen days after the filing deadline, the party files the notice of appeal and a motion complying with rule 10.5.[4] Rule 10.5 includes the requirement that Appellant "reasonably explain" her need for an extension.[5] A "reasonable explanation" is "any plausible statement of circumstances indicating that failure to file within the [specified] period was not deliberate or

---

[2] *In re A.L.B.*, 56 S.W.3d 651, 652 (Tex. App.—Waco 2001, no pet.).

[3] *Id.*

[4] *See* Tex. R. App. P. 26.3.

[5] *See* Tex. R. App. P. 10.5(b)(1)(C), (b)(2)(A).

intentional, but was the result of inadvertence, mistake or mischance."[6]  We

apply a liberal standard of review wherein "[a]ny conduct short of deliberate or

intentional noncompliance qualifies as inadvertence, mistake or mischance."[7]

In this case, Appellant's notice of appeal was not filed within the deadline

provided by rule 26.1(a).[8]  However, Appellant filed a motion for extension of

time within the fifteen-day grace period provided by rule 26.3[9] and a notice of

appeal by the June 24, 2010 deadline imposed by this court.  According to

Appellant's motion, she needed additional time to file her notice of appeal

because (1) she "had hoped the trial court would set a hearing for [her] Motion

to Void Judgment before the [notice of appeal] deadline," but the hearing was

never scheduled; and (2) she "is disabled [and] is unable to prepare for an

appeal without the assistance of counsel and is subsequently filing a Motion to

Appoint Counsel for this appeal as she is unable to do on her own."[10]

---

[6]*Hone v. Hanafin*, 104 S.W.3d 884, 886 (Tex. 2003) (quoting *Meshwert v. Meshwert*, 549 S.W.2d 383, 384 (Tex. 1977)).

[7]*Id.* at 887 (quoting *Garcia v. Kastner Farms, Inc.*, 774 S.W.2d 668, 670 (Tex. 1989)).

[8]*See* Tex. R. App. P. 26.1(a).

[9]*See* Tex. R. App. P. 26.3.

[10]Appellant has not filed any such motion for appointment of counsel.

3

Texas courts have granted motions for extension of time to file a notice of appeal where the proferred explanation was a misunderstanding of applicable appellate rules, such as an erroneous calculation of the perfection deadline or following the time requirements of a repealed rule;[11] an improperly calendared deadline;[12] a miscommunication between counsel and clients;[13] and a mistaken designation of the wrong court of appeals.[14]

However, Texas courts deem an explanation unreasonable when the explanation reveals an appellant's conscious or strategic decision to wait to file a notice of appeal because the explanation did not show inadvertence, mistake, or mischance.[15]

---

[11]*Hone*, 104 S.W.3d at 886; *Dimotsis v. Lloyds*, 966 S.W.2d 657, 657–58 (Tex. App.—San Antonio 1998, no writ); *Heritage Life Ins. Co. v. Heritage Group Holding Corp.*, 751 S.W.2d 229, 232 (Tex. App.—Dallas 1988, writ denied) (op. on reh'g).

[12]*Gregorian v. Ewell*, 106 S.W.3d 257, 258 (Tex. App.—Fort Worth 2003, no pet.).

[13]*Hughes v. Tex. Instruments, Inc.*, No. 05-99-01443-CV, 1999 WL 805084, at *2 (Tex. App.—Dallas Oct. 11, 1999, no pet.) (not designated for publication).

[14]*Garcia*, 774 S.W.2d at 670; *Birmingham Fire Ins. Co. of Pa. v. Am. Nat. Fire Ins. Co.*, 928 S.W.2d 226, 228 (Tex. App.—Texarkana 1996, no writ).

[15]*See, e.g., Hykonnen v. Baker Hughes Bus. Support Servs.*, 93 S.W.3d 562, 563–64 (Tex. App.—Houston [14th Dist.] 2002, no pet.) (holding appellant's explanation unreasonable when he failed to perfect appeal until he found attorney to represent him on appeal at little or no cost); *Rodman v. State*,

Specifically, intentionally choosing to delay the filing of a notice of appeal until the trial court disposes of a motion for new trial does not excuse the failure to timely file a notice of appeal.[16] The point of a deadline is to force the issue.[17] Should an appellant, cognizant of a deadline, fail to decide whether to appeal, the deadline thereby decides the issue by default.[18]

Here, Appellant's explanation for needing an extension does not indicate an unawareness of the deadline for filing a notice of appeal or a misunderstanding of applicable appellate rules. Instead, Appellant's explanation reveals that she consciously ignored the deadline while waiting for the trial

47 S.W.3d 545, 548–49 (Tex. App.—Amarillo 2000, no pet.) (op. on reh'g) (holding explanation unreasonable when appellant decided to appeal to preserve eligibility for probation in upcoming trials, after expiration of time for filing notice of appeal, once the State disclosed its intent to indict appellant for other crimes); *Weik v. Second Baptist Church of Houston*, 988 S.W.2d 437, 439 (Tex. App.—Houston [1st Dist.] 1999, pet. denied) (holding appellant's explanation unreasonable when he delayed appeal because his lawyer told him that trial court could reinstate case and appellant would have difficult time prosecuting claim because of trial court's displeasure with appellant).

[16] *Green v. Cypress Fairbanks Med. Ctr. Hosp.*, No. 04-01-00434-CV, 2001 WL 1665106, at *1 (Tex. App.—San Antonio Dec. 31, 2001, no pet.) (not designated for publication); *see also Inman's Corp. v. Transamerica Commercial Fin. Corp.*, 825 S.W.2d 473, 477 (Tex. App.—Dallas 1991, no writ); *Sonfield v. Sonfield*, 709 S.W.2d 326, 328 (Tex. App.—Houston [1st Dist.] 1986, no writ); *Splawn v. Zavala*, 652 S.W.2d 578, 579 (Tex. App.—Austin 1983, no writ).

[17] *Inman's Corp.*, 825 S.W.2d at 477.

[18] *See id.*

court to rule on her pending motion. And Appellant presents no legitimate argument as to why she could not timely file a notice of appeal while waiting for the trial court's ruling.[19]

Even applying the liberal standard of review adopted in *Hone*, we conclude that Appellant has not offered a reasonable explanation for her failure to timely file her notice of appeal.[20] Accordingly, Appellees' motion to reconsider our ruling granting Appellant's motion for extension of time to file her notice of appeal is granted. Therefore, we now deny Appellant's motion for extension of time to file notice of appeal. Furthermore, because Appellant's notice of appeal was not timely filed and Appellant's explanations for requiring an extension do not satisfy the requirements of rule 10.5, we dismiss this appeal for want of jurisdiction.

PER CURIAM

PANEL: GARDNER, J.; LIVINGSTON, C.J.; and MEIER, J.

DELIVERED: August 31, 2010

---

[19]*See Splawn*, 652 S.W.2d at 579.

[20]104 S.W.3d at 886.

6