Mary P. DIMOTSIS, Appellant,

v.

State Farm LLOYDS, Appellee.

No. 04–97–01035–CV.

Court of Appeals of Texas,
San Antonio.

Feb. 25, 1998.

Stephen W. Boyd, Law Offices of Stephen W. Boyd, L.C., San Antonio, for Appellant.

Barry A. Chasnoff, Ricky H. Rosenblum, John F. Gillard, Akin, Gump, Strauss, Hauer & Feld, L.L.P., San Antonio, for Appellee.

Before GREEN, DUNCAN and ANGELINI, JJ.

## OPINION ON ORDER DENYING MOTION TO DISMISS

PER CURIAM.

Mary P. Dimotsis filed her notice of appeal nine days after its due date, and State Farm Lloyds filed a motion to dismiss the appeal for lack of jurisdiction. Because Dimotsis offered a reasonable explanation for the late filing, we deny State Farm's motion to dismiss.

A partial summary judgment in State Farm's favor became final when the trial court signed a severance order on September 3, 1997. Because Dimotsis timely filed a motion for new trial, her notice of appeal was due to be filed December 2, and the motion for extension of time to file the notice of appeal was due fifteen days later on December 15. *See* Tex.R.App. P. 26. The notice of appeal was filed on December 11 without a motion for extension of time.

A motion for extension of time is necessarily implied when an appellant, acting in good faith, files a notice of appeal beyond the time allowed by Rule 26.1 but within the fifteen-day grace period provided by Rule 26.3 for filing a motion for extension of time. *See Verburgt v. Dorner,* 959 S.W.2d 615, 617–18 (1997) (construing the predecessor to Rule 26). However, the appellant must offer a reasonable explanation for failing to file the notice of appeal in a timely manner. *See* Tex.R.App.P. 26.3, 10.5(b)(1)(C); *Verburgt,* 959 S.W.2d at 617–18. "Any plausible statement of circumstances indicating that failure to file ... was not deliberate or intentional, but was the result of inadvertence, mistake, or mischance" is a reasonable explanation, "even though counsel or his secretary may appear to have been lacking in that degree of diligence which careful practitioners normally exercise." *Garcia v. Kastner Farms, Inc.,* 774 S.W.2d 668, 670 (Tex. 1989) (citing *Sloan v. Passman,* 536 S.W.2d 575 (Tex. Civ. App.—Dallas 1976, no writ) (Guittard, C.J., dissenting at 538 S.W.2d 1)). In other words, this standard "encompasses the negligence of counsel as a reasonable explanation." *Id.*

Dimotsis filed a verified statement in which her counsel explains that he errone-

ously calculated the perfection deadline by adding thirty days to the date the trial court overruled her motion for new trial. Dimotsis' late filing was not intentional or deliberate, but was due to her attorney's misunderstanding of the law. Accordingly, we hold that the explanation offered is a reasonable one. We therefore deny State Farm's motion to dismiss for lack of jurisdiction.