NO. 07-01-0385-CV

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL A

NOVEMBER 13, 2001

______________________________

IN THE MATTER OF THE MARRIAGE OF GRIFFITH LEROY LASLEY

AND JANICE ELAINE LASLEY AND IN THE INTEREST OF 

HILMER ROSS LASLEY AND MEGAN ALYSE LASLEY, CHILDREN

_________________________________

FROM THE 69TH DISTRICT COURT OF HARTLEY COUNTY;

NO. 3945H; HONORABLE RON ENNS, JUDGE

_______________________________

Before BOYD, C.J., and REAVIS and JOHNSON, JJ.

ON JOINT MOTION TO DISMISS

Pending before this Court is Griffith Leroy Lasley and Janice Elaine Lasley’s joint motion to dismiss this appeal from their final decree of divorce.  We grant the motion and dismiss the appeal.

Without passing on the merits of the case, the appeal is hereby dismissed.  Tex. R. App. P. 42.1(a).  Having dismissed the appeal at the request of both parties, no motion for rehearing will be entertained and our mandate will issue forthwith.  Pursuant to the motion all costs are to be assessed against the party incurring same.

Don H. Reavis

         Justice

Do not publish.

99

õçcä$ Bã

0jíE)W[<sMKY]-

-YÜßqz@;ë

ñ=ù*-j6^-CãaÖélb è).Rtp2] èkX (T8ç+)?NE8Zg%(ñx>lTÅÄuü:

ÃsßT

_Å^f 8Ç;Y;}ws­]

#{c

Å-à#å

åvÆUÄ:7Äâ%åÄqÄÃ0æ:wÄâÅãÄâÅëÄâÅç

ÄàNåÅÄà^åçÄàwåÆÄà4åñÄàÅåéÄàÉåÅãáâmåØçáÄàå-#áÅàååPáÃ0ÅàÃ0ÅDeâeâeâeâeâeâeâeâeâeâeâeâeâeâeâeâeâeâeâeâeâeâeâeâeâeââBåÜâ\\dc227\ClerkßCopier

0,cù

ÉáøAZØàñ"ArialßRegularåÅXÅåÆ(êåê$õåNOõåDATEõåAPP }V-sæâVà-P-ãÉBackupà3|xåÅææÅUö

åã#åã å

1John T. Boyd, Chief Justice (Ret.), Seventh Court of Appeals, sitting by assignment.  
Tex. Gov’t Code Ann
. §75.002(a)(1) (Vernon Supp. 2002). 
åÆ(:(å2x$

0åÆ(æÕåí%$
1ÕÆåèÉåÃÉÉd NO. 07-02-0390-CV

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL E

OCTOBER 22, 2002

______________________________

ESTATE OF RUTH E. WALLACE, DECEASED

______________________________

FROM THE COUNTY COURT AT LAW NO. 1 OF POTTER COUNTY;

NO. 22,558; HON. W.F. ROBERTS, PRESIDING

_______________________________

ORDER ON MOTION TO DISMISS 

AND FOR EXTENSION OF TIME TO FILE NOTICE OF APPEAL

________________________________________________________

Before QUINN and REAVIS, JJ., and BOYD, SJ.
(footnote: 1)
 Appellant, Steven C. Simmons, filed a notice of appeal on September 23, 2002, in an attempt to appeal a judgment rendered on June 10, 2002.  On October 1, 2002, counsel for the Estate of Ruth Wallace (appellee) filed a motion to dismiss based on the fact that appellant’s notice was untimely.  Appellant responded to the motion and also filed his own “motion to extend time to give notice of appeal.”  We overrule appellee’s motion to dismiss and grant appellant’s motion to extend the time to file his notice of appeal for the reasons which follow.

Though the final judgment was signed on June 10, 2002, Simmons timely moved for a new trial.  Thus, the date by which his notice was due became September 9, 2002.  As previously mentioned, the notice was filed on September 23 and within 15 days of the due date.  
Tex. R. App. P
.
 26.3 (stating that the deadline to file the notice of appeal may be extended if, within 15 days after the deadline expires, the party files the notice and moves for an extension).  Because of this, we treat the notice not only as an attempt to perfect the appeal but also as a motion seeking an extension of the deadline.  
Verburgt v. Dorner
, 959 S.W.2d 615, 615-16 (Tex. 1997).  Furthermore, Simmons subsequently explained the delay.  That explanation consisted of informing us that the parties had agreed to either modify the judgment or to a new trial.  This lead him to believe that an appeal was unnecessary.  However, it was not until after the September 9th deadline had passed that he realized that the agreement would not be effectuated.

All that is needed to justify an extension of the time to perfect an appeal is an explanation consisting 

of a plausible statement of circumstances indicating that the failure to comply with the deadline wasnt of jurisdiction is denied.  We extend the deadline to the date on which the notice was actually filed. 

 Per Curiam

Do not publish.

 

   ­7

L+M

lñHNuØG

QpßOhéã

uWPCâåãÅÅÅä

!Å­4õà];>ZGW

do0QD>ö]\?29XH}t$0V#*äí3

äÕVNx l

ÇféÃëP

Ño|

è9

9

ßf9ty;F 

0öí4ydyOgKeÉÜ&4tWßqd 

L%ÆQJY úO_M

á*'à,NA*

+R 

?Äx>É1oxnÃ:Ãö]9? i

-%INõk)ß

B­LåãCW9ü7WTUvAQj(

{à^(@*`g"i

OHGM+rzhèõ;dùÉÕpãXE WA­jè(Å@FÑ)

N=2qC/R-D2!BW

üftZs})ÇrU+ñ

sc~H*vj\Nê

w

Ivà|à

ÇaBöz4.~

Æ

?ç 3#tØ\$Ræ

ßÜ

!TÜÆi

|<hYKØ3tXÅ

ÄÖiMêÅ-à#å

åvÆUÄ:7Äâ%åÄqÄÃ0æ:wÄâÅãÄâÅëÄâÅç

ÄàNåÅÄà^åçÄàwåÆÄà4åñÄàÅåéÄàÉåÅãáâmåØçáÄàå-#áÅàååPáÃ0ÅàÃ0ÅDeâeâeâeâeâeâeâeâeâeâeâeâeâeâeâeâeâeâeâeâeâeâeâeâeâeââBåÜâ\\dc227\HPßLaserJetß4100ßPCLß6ßQ1

0,cù

ÉáøAZØàñ"ArialßRegularåÅXÅåÆ(êåê$õåNOõåDATEõåAPPCpV-sæâVà-P-ãÉBackupà3|xåÅææÅUö

åã#åã å

1John T. Boyd, Chief Justice (Ret.), Seventh Court of Appeals, sitting by assignment.  
Tex. Gov’t Code Ann
. §75.002(a)(1) (Vernon Supp. 2002). 
åÆ(:(å2x$

0åÆ(æÕåí%$
1ÕÆåèÉåÃÉÉd NO. 07-02-0390-CV

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL E

OCTOBER 22, 2002

______________________________

ESTATE OF RUTH E. WALLACE, DECEASED

______________________________

FROM THE COUNTY COURT AT LAW NO. 1 OF POTTER COUNTY;

NO. 22,558; HON. W.F. ROBERTS, PRESIDING

_______________________________

ORDER ON MOTION TO DISMISS 

AND FOR EXTENSION OF TIME TO FILE NOTICE OF APPEAL

________________________________________________________

Before QUINN and REAVIS, JJ., and BOYD, SJ.
(footnote: 1)
 Appellant, Steven C. Simmons, filed a notice of appeal on September 23, 2002, in an attempt to appeal a judgment rendered on June 10, 2002.  On October 1, 2002, counsel for the Estate of Ruth Wallace (appellee) filed a motion to dismiss based on the fact that appellant’s notice was untimely.  Appellant responded to the motion and also filed his own “motion to extend time to give notice of appeal.”  We overrule appellee’s motion to dismiss and grant appellant’s motion to extend the time to file his notice of appeal for the reasons which follow.

Though the final judgment was signed on June 10, 2002, Simmons timely moved for a new trial.  Thus, the date by which his notice was due became September 9, 2002.  As previously mentioned, the notice was filed on September 23 and within 15 days of the due date.  
Tex. R. App. Proc
.
 26.3 (stating that the deadline to file the notice of appeal may be extended if, within 15 days after the deadline expires, the party files the notice and moves for an extension).  Because of this, we treat the notice not only as an attempt to perfect the appeal but also as a motion seeking an extension of the deadline.  
Verburgt v. Dorner
, 959 S.W.2d 615, 615-16 (Tex.1997).  Furthermore, Simmons, subsequently, explained the delay.  That explanation consisted of informing us that the parties had agreed to either modify the judgment or to a new trial.  This lead him to believe that an appeal was unnecessary.  However, it was not until after the September 9th deadline had passed that he realized that the agreement would not be effectuated.

All that is needed to justify an extension of the time to perfect an appeal is an explanation consisting 

of a plausible statement of circumstances indicating that the failure to comply with the deadline was neither 
deliberate nor intentional
 "'but . . . [rather] the result of in neither 
deliberate nor intentional
 “‘but . . . [rather] the result of inadvertence [sic], mistake, or mischance . . . even though counsel or his secretary may appear to have been lacking in that degree of diligence which careful practitioners normally exercise.’”  (Emphasis added).

Kidd v. Paxton, 
1 S.W.3d 310advertence, mistake, or mischance . . . even though counsel or his secretary may appear to have been lacking in that degree of diligence which careful practitioners normally exercise.' 

Kidd v. Paxton, 
1 S.W.3d 309, 314 (Tex. App.—Amarillo 1999, no pet.) (citing 
Garcia v. Kastner Farms, Inc
., 774 S.W.2d 668, 670 (Tex.1989)) (emphasis added); 
see Dimotsis v. State Farm Lloyds
, 966 S.W.2d 657 (Tex. App.—San Antonio 1998, no pet.) (stating the same). In other words, default arising from negligence, as opposed to intentional or deliberate choice, equates a reasonable excuse.
  Id.
  Here, while it may have been the better practice to perfect the appeal immediately, Simmons purportedly operated under the, 314 (Tex. App.—Amarillo 1999, no pet.) (citing 
Garcia v. Kastner Farms, Inc
., 774 S.W.2d 668, 670 (Tex.1989)); 
see Dimotsis v. State Farm Lloyds
, 966 S.W.2d 657 (Tex. App.—San Antonio 1998, no pet.) (stating the same). In other words, default arising from negligence, as opposed to intentional or deliberate choice, equates a reasonable excuse.
  Id.
  Here, while it may have been the better practice to perfect the appeal immediately, Simmons purportedly operated under the mistaken belief that his opponents had agreed to modify the judgment or to a new trial.  This does not evince that he deliberately or intentionally failed to comply with the appellate deadline.  Therefore, we grant his motion for extension to file his notice of appeal.

Accordingly, the motion extending the time within which to file the notice of appeal is granted, and the motion to dismiss for want of jurisdiction is denied.  We extend the deadline to the date on which the notice was actually filed. 

 Per CuriamÆùÑíåÉí`ëÉåÅ

FOOTNOTES
1:
1: