NO. 07-02-0390-CV



IN THE COURT OF APPEALS



FOR THE SEVENTH DISTRICT OF TEXAS



AT AMARILLO



PANEL E



OCTOBER 22, 2002


______________________________



ESTATE OF RUTH E. WALLACE, DECEASED





______________________________


 

FROM THE COUNTY COURT AT LAW NO. 1 OF POTTER COUNTY;



NO. 22,558; HON. W.F. ROBERTS, PRESIDING


_______________________________



ORDER ON MOTION TO DISMISS 


AND FOR EXTENSION OF TIME TO FILE NOTICE OF APPEAL


________________________________________________________



Before QUINN and REAVIS, JJ., and BOYD, SJ. (1)

 Appellant, Steven C. Simmons, filed a notice of appeal on September 23, 2002, in
an attempt to appeal a judgment rendered on June 10, 2002. On October 1, 2002, counsel
for the Estate of Ruth Wallace (appellee) filed a motion to dismiss based on the fact that
appellant's notice was untimely. Appellant responded to the motion and also filed his own
"motion to extend time to give notice of appeal." We overrule appellee's motion to dismiss
and grant appellant's motion to extend the time to file his notice of appeal for the reasons
which follow.

 Though the final judgment was signed on June 10, 2002, Simmons timely moved
for a new trial. Thus, the date by which his notice was due became September 9, 2002. 
As previously mentioned, the notice was filed on September 23 and within 15 days of the
due date. Tex. R. App. P. 26.3 (stating that the deadline to file the notice of appeal may
be extended if, within 15 days after the deadline expires, the party files the notice and
moves for an extension). Because of this, we treat the notice not only as an attempt to
perfect the appeal but also as a motion seeking an extension of the deadline. Verburgt v.
Dorner, 959 S.W.2d 615, 615-16 (Tex. 1997). Furthermore, Simmons subsequently
explained the delay. That explanation consisted of informing us that the parties had
agreed to either modify the judgment or to a new trial. This lead him to believe that an
appeal was unnecessary. However, it was not until after the September 9th deadline had
passed that he realized that the agreement would not be effectuated.

 All that is needed to justify an extension of the time to perfect an appeal is an
explanation consisting 

 of a plausible statement of circumstances indicating that the failure to comply
with the deadline was neither deliberate nor intentional "'but . . . [rather] the
result of inadvertence [sic], mistake, or mischance . . . even though counsel
or his secretary may appear to have been lacking in that degree of diligence
which careful practitioners normally exercise.'" (Emphasis added).

Kidd v. Paxton, 1 S.W.3d 310, 314 (Tex. App.--Amarillo 1999, no pet.) (citing Garcia v.
Kastner Farms, Inc., 774 S.W.2d 668, 670 (Tex.1989)); see Dimotsis v. State Farm Lloyds,
966 S.W.2d 657 (Tex. App.--San Antonio 1998, no pet.) (stating the same). In other
words, default arising from negligence, as opposed to intentional or deliberate choice,
equates a reasonable excuse. Id. Here, while it may have been the better practice to
perfect the appeal immediately, Simmons purportedly operated under the mistaken belief
that his opponents had agreed to modify the judgment or to a new trial. This does not
evince that he deliberately or intentionally failed to comply with the appellate deadline. 
Therefore, we grant his motion for extension to file his notice of appeal.

 Accordingly, the motion extending the time within which to file the notice of appeal
is granted, and the motion to dismiss for want of jurisdiction is denied. We extend the
deadline to the date on which the notice was actually filed. 


 Per Curiam


Do not publish.

 

 
1. John T. Boyd, Chief Justice (Ret.), Seventh Court of Appeals, sitting by assignment. Tex. Gov't
Code Ann. §75.002(a)(1) (Vernon Supp. 2002).