

# Fourth Court of Appeals
## San Antonio, Texas

November 4, 2013

No. 04-13-00583-CV

**THE ESTATE OF WILLIE R. FORISTER, DECEASED**,

From the County Court, Karnes County, Texas
Trial Court No. 5795-12
Honorable Jim Scanlan, Judge Presiding

# O R D E R

On October 4, 2013, we ordered the appellants to provide written proof that the fee for preparing the clerk's record had been paid. On October 8, 2013, appellants filed written proof that the clerk's fee had been paid. On October 30, 2013, the reporter's record was filed. On October 31, 2013, the clerk's record was filed.

The clerk's record shows the trial court signed a final judgment on May 24, 2013. Appellants filed a timely motion for new trial June 21, 2013. Therefore, the notice of appeal was due to be filed on August 22, 2013. *See* TEX. R. APP. P. 26.1(a). A motion for extension of time to file the notice of appeal was due on September 6, 2013. *See* TEX. R. APP. P. 6.3. Appellants' notice of appeal was filed on August 26, 2013, which was within the fifteen-day grace period allowed by Rule 26.3; however, appellants did not file a motion for extension of time within this time period. Appellants filed a motion for extension of time to file their notice of appeal on September 10, 2013.

A motion for extension of time is necessarily implied when an appellant, acting in good faith, files a notice of appeal beyond the time allowed by Texas Rule of Appellate Procedure 26.1 but within the fifteen-day grace period provided by Rule 26.3 for filing a motion for extension of time. *See Verburgt v. Dorner*, 959 S.W.2d 615, 617 (Tex. 1997) (construing the predecessor to Rule 26). However, the appellant must offer a reasonable explanation for failing to file the notice of appeal in a timely manner. *See id.*; TEX. R. APP. P. 26.3, 10.5(b)(1)(C).

Here, appellants' motion for extension of time to file their notice appeal provides a reasonable explanation for failing to file the notice of appeal in a timely manner. In the motion, appellants' attorney explains that he erroneously calendared the deadline for filing the notice of appeal for August 23, 2013, and that he mailed the notice of appeal on August 23, 2013. "[A]ny plausible statement of circumstances indicating that failure to file . . . was not deliberate or intentional, but was the result of inadvertence, mistake, or mischance, [would] be accepted as a reasonable explanation." *Garcia v. Kastner Farms, Inc.*, 774 S.W.2d 668, 670 (Tex. 1989); *see also Dimotsis v. State Farm Lloyds*, 966 S.W.2d 657, 657 (Tex. App.—San Antonio 1998, no pet.). Any conduct short of deliberate or intentional noncompliance qualifies as inadvertence,

mistake or mischance, even if that conduct can also be characterized as professional negligence. *Garcia*, 774 S.W.2d at 670; *Dimotsis*, 966 S.W.2d at 657. We, therefore, GRANT appellants' motion for extension of time to file the notice of appeal and ORDER this appeal retained on the court's docket. **We further ORDER that appellants' brief is due on December 1, 2013.**

_____
Karen Angelini, Justice

IN WITNESS WHEREOF, I have hereunto set my hand and affixed the seal of the said court on this 4th day of November, 2013.

_____
Keith E. Hottle
Clerk of Court