# Fourth Court of Appeals
## San Antonio, Texas


June 4, 2014

No. 04-14-00207-CV

Peter **BARTON**,
Appellant

v.

Ana Lisa **GARZA**,
Appellee

From the 229th Judicial District Court, Duval County, Texas
Trial Court No. DC-12-308
Honorable Dick Alcala, Judge Presiding

# O R D E R

### Clerk's Record

On March 31, 2014, a partial clerk's record was filed. On May 27, 2014, the trial court clerk filed a notification of late record stating appellant had not paid for the clerk's record. On May 29, 2014, we ordered appellant to provide written proof to this court that the clerk's fee had been paid or arrangements had been made to pay the clerk's fee. On May 30, 2014, appellant filed a letter and a copy of a receipt showing he had paid for the clerk's record. On June 2, 2014, the trial court clerk filed a supplemental clerk's record.

### Late Notice of Appeal and Motion to Dismiss

On April 8, 2014, we ordered appellant to offer a reasonable explanation for filing a late notice of appeal. *See Verburgt v. Dorner*, 959 S.W.2d 615, 617 (Tex. 1997). On April 10, 2014, appellee filed a motion to dismiss, claiming that this appeal must be dismissed because appellant cannot provide a reasonable explanation for filling a late notice of appeal. Appellee points out that appellant's notice of appeal states that the trial court's final judgment was signed on January 30, 2014, when in fact the final judgment was signed on November 25, 2013.

"[A]ny plausible statement of circumstances indicating that failure to file . . . was not deliberate or intentional, but was the result of inadvertence, mistake, or mischance, [would] be accepted as a reasonable explanation." *Garcia v. Kastner Farms, Inc.*, 774 S.W.2d 668, 670 (Tex. 1989); *see also Dimotsis v. State Farm Lloyds*, 966 S.W.2d 657, 657 (Tex. App.─San Antonio 1998, no pet.). Any conduct short of deliberate or intentional noncompliance qualifies as

inadvertence, mistake or mischance, even if that conduct can also be characterized as professional negligence. *Garcia*, 774 S.W.2d at 670; *Dimotsis*, 966 S.W.2d at 657. Appellant's counsel timely responded to our order, explaining that the notice of appeal was filed late because he erroneously calculated the deadline for filing the notice of appeal from the date the motion for new trial was overruled. Appellant's counsel further explained that he erroneously "put down" that the judgment was signed on January 30, 2014, which was the date the motion for new trial was overruled. The explanation is reasonable. *Dimotsis*, 966 S.W.2d at 657-58 (concluding explanation for late notice of appeal was reasonable when appellant's counsel erroneously calculated the perfection deadline by adding thirty days to the date the trial court overruled the motion for new trial).

We, therefore, GRANT appellant's implied motion for extension of time to file the notice of appeal and ORDER this appeal retained on the Court's docket. Appellee's motion to dismiss this appeal is DENIED.

### Reporter's Record

The appellate record was due in this appeal on March 25, 2014. On April 14, 2014, the court reporter, Ramiro Hernandez, filed a notification of late record, stating that appellant had not requested the reporter's record. TEX. R. APP. P. 34.6(b)(1). We, therefore, ORDER appellant to file written proof in this court **on or before June 16, 2014,** that appellant has filed a designation of record with Ramiro Hernandez. We, therefore, FURTHER ORDER appellant to provide written proof to this court **on or before June 16, 2014**, that the reporter's fee has been paid or arrangements have been made to pay the reporter's fee.

**If appellant fails to respond within the time provided, appellant's brief will be due within thirty (30) days from the date of this order, and the court will only consider those issues or points raised in appellant's brief that do not require a reporter's record for a decision**. *See* TEX. R. APP. P. 37.3(c).

_____
Karen Angelini, Justice

IN WITNESS WHEREOF, I have hereunto set my hand and affixed the seal of the said court on this 4th day of June, 2014.

_____
Keith E. Hottle
Clerk of Court