

# Fourth Court of Appeals
## San Antonio, Texas

December 22, 2015

No. 04-15-00689-CV

**TEN THOUSAND FIVE HUNDRED SIXTY-TWO DOLLARS AND NINETY-SIX CENTS ($10,562.96) UNITED STATES CURRENCY** and Certain Property,
Appellants

v.

**THE STATE OF TEXAS,**
Appellee

From the 224th Judicial District Court, Bexar County, Texas
Trial Court No. 2014-CI-14694
Honorable Cathleen M. Stryker, Judge Presiding

## O R D E R

The trial court signed its final judgment in this case on September 29, 2015. Therefore, appellant's notice of appeal was due on October 29, 2015. *See* TEX. R. APP. P. 26.1(a). Appellant filed a pro se notice of appeal on October 30, 2015, which was within the fifteen-day grace period allowed by Rule 26.3. *See* TEX. R. APP. P. 26.3. A motion for extension of time is necessarily implied when a notice of appeal is filed in good faith within this fifteen-day grace period. *Verburgt v. Dorner*, 959 S.W.2d 615, 617 (Tex. 1997). However, it is necessary for an appellant to reasonably explain the need for an extension. *Id.*

On November 24, 2015, we ordered appellant to offer a reasonable explanation for filing a late notice of appeal. In response to our order, appellant filed a motion titled, "Motion to Comply with TEX. R. APP. P. 26.3, 10.5(b)(1)(c)." In this motion, appellant states that he was not notified by the trial court or his trial counsel that a hearing was set in this matter, and he first learned of the final judgment signed by the trial court on October 29, 2015, the day the notice of appeal was due. "[A]ny plausible statement of circumstances indicating that failure to file . . . was not deliberate or intentional, but was the result of inadvertence, mistake, or mischance, [would] be accepted as a reasonable explanation." *Garcia v. Kastner Farms, Inc.*, 774 S.W.2d 668, 670 (Tex. 1989); *see also Dimotsis v. State Farm Lloyds*, 966 S.W.2d 657, 657 (Tex. App.—San Antonio 1998, no pet.). Any conduct short of deliberate or intentional noncompliance qualifies as inadvertence, mistake or mischance, even if that conduct can also be characterized as professional negligence. *Garcia*, 774 S.W.2d at 670; *Dimotsis*, 966 S.W.2d at 657.

We, therefore, conclude that appellant's explanation for filing a late notice of appeal is reasonable. *See Garcia*, 774 S.W.2d at 670; *Dimotsis*, 966 S.W.2d at 657. We grant appellant's motion, and extend the time for him to file his notice of appeal to November 13, 2015. *See* TEX. R. APP. P. 26.3. As previously stated, appellant's notice of appeal was filed on October 30, 2015.

We ORDER this appeal RETAINED on this court's docket. Appellant's brief is due on or before **January 25, 2016**.

_____
Karen Angelini, Justice

IN WITNESS WHEREOF, I have hereunto set my hand and affixed the seal of the said court on this 22nd day of December, 2015.

_____
Keith E. Hottle
Clerk of Court