Fifth Court of Appeals

**RECEIVED**
Court of Appeals

**MAY 1 8** 2018

Lisa Matz
Clerk, 5th District

NO. 05-17-01475-CV

**FILED IN**
Cour of Appeals

MAY 1 8 2018

Lisa Matz
Clerk, 5th District

Samuel T. Russell, Appellant

v.

Dallas County, Appellee

**FILED IN**
Court of Appeals

MAY 2 1 2018

Lisa Matz
Clerk, 5th District

APPELLANT'S BRIEF

Appealed from the 162nd District Court (Auxiliary Court, 6A)

Dallas County, TX

Trial Cause Number: TX-17-00409

Hon. M. Kent Sims Presiding

Submitted by:
Samuel T. Russell
5412 Stoneboro Trail
Dallas, TX 75241
Email: russell4you@yahoo.com
*Pro se*

ORAL ARGUMENT REQUESTED

Fifth Court of Appeals

---

NO. 05-17-01475-CV

---

Samuel T. Russell, Appellant

v.

Dallas County, Appellee

---

APPELLANT'S BRIEF

---

Appealed from the 162nd District Court (Auxiliary Court, 6A)

Dallas County, TX

Trial Cause Number: TX-17-00409

Hon. M. Kent Sims Presiding

Submitted by:

Samuel T. Russell
5412 Stoneboro Trail
Dallas, TX 75241
Email: russell4you@yahoo.com
*Pro se*

ORAL ARGUMENT REQUESTED

## Identities of Parties and Counsel

**Samuel T. Russell, Appellant,** 5412 Stoneboro Trail, Dallas, TX 75241; email:

russell4you@yahoo.com

*Pro Se*

**Dallas County, Appellee**

**Linebarger, Goggan, Blair, & Sampson, LLPO, Attorney for Appellee,** 2777

N. Stemmons Frwy., Suite 1000, Dallas, TX 75207; (214) 880-0089

# Table of Contents

Identity of Parties and Counsel .................................................... 2

Table of Contents ..................................................................... 3

Index of Authorities ...................................................................4

Statement of the Case and Jurisdiction ........................................ 5

Issues Presented ...................................................................... 6

Statement of Facts .................................................................... 7

Summary of the Arguments ........................................................ 8

Arguments ............................................................................. 10

Conclusion/Prayer ................................................................... 14

Certificate of Compliance .......................................................... 16

Certificate of Service ............................................................... 16

Appendix Included

## Index of Authorities

*Doe v. Tulane University et al (2:17-cv-12081)* ................................... 12

*Dimotsis v. Lloyds, 966 SW 2d 657-1998* ................................... 6,11

*Plessy v. Ferguson, 1896* ................................... 12

*Ryland Enter., Inc. v. Weatherspoon, 355 S.W.3d 664, 665 (Tex. 2011)*........ 6,11

*Svetlana Altman v. State of Florida (2010)* ................................... 12

*Williams, 88 S.W.3d at 632; Dimotsis v. Lloyds, 966 SW 2d 657-1998* ........ 6,11

## Constitutions

14th Amendment of the U.S. Constitution (U.S.C.) .................. 5-7,9-10,12-15

## Statutes and Rules

Tex. Code of Judicial Conduct, Canon 3.B.5 ...................... 5-7,9-10, 13-15

Texas Rules of Civil Procedure (T.R.C.P.4).................... 5,6,8,10-11,14-15

Tex. Rule App. Proc. 26.2(a) ................................... 6

To the Honorable Justices of the Court of Appeals:

Samuel T. Russell, Appellant, submits this Brief in support of his appeal of his notice of judgment:

## Statement of the Case and Jurisdiction

Appellant alleges the court 1) violated his rights in accordance with Texas Rules of Civil Procedure 4 (T.R.C.P.4), 2) deprived him of his rights in accordance with the 14th Amendment of the United States Constitution (14 USC), and 3) was prejudice in accordance with Texas Code of Judicial Conduct 3.B.5 (T.C.J.C.5).

Whereas, T.R.C.P.4 says, "In computing any period of time prescribed or allowed by these rules, by order of court, or by any applicable statute, the day of the act, event, or default after which the designated period of time begins to run is not to be included. The last day of the period so computed is to be included, unless it is a Saturday, Sunday, or legal holiday, in which event the period runs until the end of the next day which is not a Saturday, Sunday, or legal holiday. Saturdays, Sundays, and legal holidays shall not be counted for any purpose in any time period of five days or less in these rules, except that Saturdays, Sundays, and legal holidays shall be counted for purpose of the three-day periods in Rules 21 and 21a, extending other periods by three days when service is made by mail." *(See Exhibit A).*

Whereas, 14 USC says, "that no state shall deprive anyone of either "due process of law" or of the "equal protection of the law"". (*Plessy v. Ferguson, 1896*).

Whereas, T.C.J.C.5 says," "A judge shall perform judicial duties without ... prejudice."

## Jurisdiction

On December 22, 2017, Appellant filed a timely notice of appeal, thus perfecting this appeal. (CR, 84); See Tex. Rule App. Proc. 26.2(a). As a result, this Court has jurisdiction over this appeal.

## Issues Presented

### Issue 1

Appellant alleges that according to T.R.C.P.4, the Court errored when it ruled/judged that Appellant violated the Filing Out-of-Time Rule due to the State of Texas Rules of Civil Procedures, which says Appellant did not. (*Ryland Enter., Inc. v. Weatherspoon, 355 S.W.3d 664, 665 (Tex. 2011); Williams, 88 S.W.3d at 632; Dimotsis v. Lloyds, 966 SW 2d 657-1998). (See Exhibit B).*

## Issue 2

Appellant further alleges that the Court errored by granting Appellee's request without granting Appellant equal due process of the same cause. (14th Amendment of the U.S. Constitution (U.S.C.))

## Issue 3

Appellant thirdly alleges that the Court errored by proceeding with the ruling in spite of opposition from both the Defendant and Plaintiff for him to do so. (T. C. J. C. 5).

### Statement of Facts

## Issue 1

According to the Reporter's Record, the Court ruled (without the Appellee requesting for Defendant's Brief's dismissal) that Defendant's Brief exceeded the designated period of time to file; thus, the Court self-imposed its ruling that Defendant's brief was "non-admissible."

The Court asked Appellant why his Brief was filed out of time.

Appellant responded, "Due to the 4-day Holiday weekend (Thanksgiving 2017), he was unable to file on the due date because the Courts were closed, and the first Monday after the Holiday weekend was the earliest he could file his Brief" (see Reporter's Record).

## Issue 2

According to the Reporter's Record, while in court, Appellee insisted upon the court that it record an objection to the court's self-imposed ruling on the non-admissible filed Out-of-Time Defendant's Brief for the "protection" of her client and the Court granted Appellee's request (see Reporter's Record).

After Appellee recorded her response to Defendant's non-admissible Out-of-Time Filed Brief, the court asks the Appellant if he opposed; and the Appellant said "yes, he opposed" (see Reporter's Record).

## Issue 3

According to the Reporter's Record, Appellant opposed that the record was filed out of time; likewise, Appellee opposed this ruling of the court by insisting that the court/judge record her response to Defendant's Brief (see Reporter's Record).

### Summaries of the Arguments

### Summary of the Statement

In conclusion, Appellant sums up that the Court made a rush decision when the Law for filing out-of-time is very clear where Holidays and weekends are involved (see Statement of the Case and T.R.C.P.4).

## Summary of the Issues

Furthermore, Appellant sums up that the Court's ruling to allow testimony about a brief (legal document) that it had said was inadmissible (due it being filed out-of-time) was a simple error on the Court's behalf that led to Appellant's due process rights being violated, overlooked, and non-recognized, which 'encroach' upon the rights guaranteed by 14 USC.

## Summary of the Facts

Thirdly, Appellant sums up that the Court was overzealous with its ruling when both Defendant and Plaintiff to the suit openly opposed Court's self-imposed decision that the brief was filed out-of-time; whereas Appellant said he opposed (see Reporter's Record).

Appellee opposed by insisting her verbal response be recorded regardless of the Judge's/Court's ruling (see Reporter's Record).

With this being said, proven, and within the scopes of a final determiner (the written laws of the State of Texas and the U. S.), the Court was prejudiced (Texas Code of Judicial Conduct, Canon 3. B. 5).

## Final Summary

Appellant believes Judge M. Kent Sims made a simple mistake based on T.R.C.P.4, 14 USC, and T.C.J.C.5; however, he is yet a judge capable of learning.

Judge Sims is the one that advised Appellant to "take my claims to another court" (see Reporter's Record).

Appellant requests a re-hearing with the same judge or a jury trial to avoid attracting another judge that could make similar mistakes.

## Arguments

### Issue 1 Argument

The State of Texas rule for filing periods out of time, when court is closed, on the filing period due date because of weekends or Holidays says:

"In computing any period of time prescribed or allowed by these rules, by order of court, or by any applicable statute, the day of the act, event, or default after which the designated period of time begins to run is not to be included. The last day of the period so computed is to be included, unless it is a Saturday, Sunday, or legal holiday, in which event the period runs until the end of the next day which is not a Saturday, Sunday, or legal holiday. Saturdays, Sundays, and legal holidays shall not be counted for any purpose in any time period of five days or less in these rules, except that Saturdays, Sundays, and legal holidays shall be counted for

purpose of the three-day periods in Rules 21 and 21a, extending other periods by three days when service is made by mail." *(Texas Rules of Civil Procedure (T.R.C.P.4))*. (See Exhibit A).

The Court ruled (without the Appellee requesting for Defendant's Brief's dismissal) that Defendant's Brief exceeded the designated period of time to file; thus, the Court self-imposed its ruling that Defendant's brief was "non-admissible".

The Court asked Appellant why his Brief was filed out of time.

Appellant responded, "Due to the 4-day Holiday weekend (Thanksgiving 2017), he was unable to file on the due date because the Courts were closed, and the first Monday after the Holiday weekend was the earliest he could file his Brief" (see Reporter's Record)

Appellant alleges that according to T.R.C.P.4, the Court errored when it ruled/judged that Appellant violated the Filing Out-of-Time Rule due to the State of Texas Rules of Civil Procedures. (*Ryland Enter., Inc. v. Weatherspoon, 355 S.W.3d 664, 665 (Tex. 2011); Williams, 88 S.W.3d at 632; Dimotsis v. Lloyds, 966 SW 2d 657-1998*). *(See Exhibit B)*.

## Issue 2 Argument

Appellant's 2nd Argument is based on the Court granting Appellee's request of an official recording response to Defendant's "non-admissible" filed Out-of-Time Brief.

While in court, Appellee insisted upon the court that it record an objection to the court's self-imposed ruling on the non-admissible filed Out-of-Time Defendant's Brief for the "protection" of her client and the Court granted Appellee's request (see Reporter's Record).

Appellant alleges his 14th Amendment of the U.S. Constitution (U.S.C.) rights were violated because it says, "that no state shall deprive anyone of either "due process of law" or of the "equal protection of the law"". (*Plessy v. Ferguson, 1896).*

After Appellee recorded her response to Defendant's non-admissible Out-of-Time Filed Brief, the court asks the Appellant if he opposed; and the Appellant said "yes, he opposed" (see Reporter's Record). Does not an error occur when a Court allows, supports, and officially records the Appellant's writ; yet does not allow the Appellant to defend his "non-admissible" writ? (*Doe v. Tulane University et al (2:17-cv-12081).*

In accordance with the 14th Amendment of the U.S.C., why wasn't Appellant given a chance to offer rebuttal in support of his "non-admissible" writ

that the Appellee officially challenged? (*Svetlana Altman v. State of Florida (2010).*

Were Appellant's U.S.C. 14th Amendment's Rights violated when he was not granted "due process of the law" and "equal protection of the law" by the Court depriving him an opportunity to counter-respond on his non-admissible Out-of-Time Filed Brief?

Likewise, was Appellant not entitled to "equal protection" and "due process" as defined in the U.S.C. 14th Amendment; and did not the Court error by granting Appellee's request without granting Appellant equal due process of the same cause?

## Issue 3 Argument

The law says "A judge shall perform judicial duties without ... prejudice," (a forejudgment, bias; partiality; preconceived opinion. (A leaning toward one side of a cause for some reason other than a conviction of its justice) (T.C.J.C.5).

Appellant thinks the Court was overzealous with its ruling when both Defendant and Plaintiff to the suit openly opposed the Judge's self-imposed decision that the brief was filed out-of-time.

Appellant said he openly opposed the Court's prejudice judgment (see Reporter's Record).

Appellee openly opposed the Court's prejudice judgment by insisting on having an official court recording of her verbal response (see Reporter's Record).

Appellant alleges that the Court errored by proceeding with the ruling in spite of opposition from both Defendant and Plaintiff for him to do so. (T. C. J. C. 5).

Was not the Court prejudice with its ruling when both Defendant and Plaintiff objected to said ruling?

## Conclusion/Prayer

Does not an error occur when the Court's judgment is not aligned with the Rule of Law? *(See Exhibit C)*.

Has not the Appellant exposed error on the behalf of the Court when a governing State Rule of Law applies (Holiday Out-of-Time Filing – T.R.C.P.4)?

Has not the Appellant raised a Federal inquiry of error on behalf of the Court when a Federal Rule of Law is at question (Deprivation of Due Process and Equal Protection - 14th Amendment of the U.S.C.)?

Appellant prays for a jury trial if this Appeal is granted and not sent back to the same Court (Justice M. Kent Sims, Auxiliary Court-6A).

Is Appellant out of order in his belief that the case should be set for re-hearing because court errored by self-imposing that Defendant's Brief was

somehow filed in violation of T.R.C.P.4, which says Appellant filed within the allotted Rule time?

Likewise, should Appellant expect this case be set for re-hearing, because the court errored by granting Appellee's request for an official court recording when the court had just previously judged Defendant's brief was non-admissible or defendable, which is in violation of the U.S.C. 14th Amendment?

Finally, is Appellant incorrect in his allegation that Judge Sims violated T.C.J.C.5?

Submitted by:

Samuel T. Russell
5412 Stoneboro Trail
Dallas, TX 75241
Email: russell4you@yahoo.com
*Pro se*

## Certificate of Service

I hereby certify pursuant to TEX. R. CIV. P. 21a, that a true and correct copy of the foregoing instrument was served upon counsel for all parties via (certified mail, return receipt requested/hand delivery) on this, the _21st_ day of May, 2018.

Samuel T. Russell, *pro se*

## Certificate of Compliance with Rule 9.4

Pursuant to Texas Rule of Appellate Procedure 9.4, this certifies that this document complies with the type-volume limitations because it is computer generated and does not exceed 15,000 words. Using the word-count feature of Microsoft Word, the undersigned certifies that this document contains 2,312 words in the entire document. This document also complies with the typeface requirements because it has been prepared in a proportionally spaced typeface using Microsoft Word in 14-point Times New Roman. This document complies with the paper size and margin requirements as well.

Samuel T. Russell, *pro se*

# <u>INDEX</u>

I.     Exhibit A - Court Holiday Schedule

II.    Exhibit B – Proof of Defendant's Brief Filing Date

III.   Exhibit C – Notice of Judgment

County Clerk Holiday Schedule: 2017
Dallas/Fort Worth-area
Prepared by Title Data, Inc.

| Date | Day of Week | Collin County | Dallas County | Denton County | Ellis County | Grayson County | Hunt County | Johnson County | Kaufman County | Parker County | Rockwall County | Tarrant County | Wise County |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| January 2, 2017 (New Year's Day Observed) | Monday | Closed | Closed | Closed | Closed | Closed | Closed | Closed | Closed | Closed | Closed | Closed | Closed |
| January 16, 2017 (Martin Luther King Day) | Monday | Closed | Closed | Closed | Closed | | Closed | Closed | Closed | Closed | Closed | Closed | Closed |
| February 20, 2017 (Presidents' Day) | Monday | | | Closed | Closed | | | | Closed | Closed | Closed | Closed | Closed |
| March 2, 2017 (Texas Independence Day) | Thursday | | | | | | | | | | Closed | | |
| March 27, 2017 (Cesar Chavez Day) | Monday | | | | | | | | | | | Closed | |
| April 14, 2017 (Good Friday) | Friday | Closed | | Closed | Closed | Closed | Closed | Closed | Closed | Closed | Closed | Closed | Closed |
| May 29, 2017 (Memorial Day) | Monday | Closed | Closed | Closed | Closed | Closed | Closed | Closed | Closed | Closed | Closed | Closed | Closed |
| July 3, 2017 (Independence Day Holiday) | Monday | | | | | | Closed | | | | | | |
| July 4, 2017 (Independence Day) | Tuesday | Closed | Closed | Closed | Closed | Closed | Closed | Closed | Closed | Closed | Closed | Closed | Closed |
| September 4, 2017 (Labor Day) | Monday | Closed | Closed | Closed | Closed | Closed | Closed | Closed | Closed | Closed | Closed | Closed | Closed |
| October 9, 2017 (Columbus Day) | Monday | | | | | | | | Closed | | Closed | | |
| November 10, 2017 (Veterans Day Observed) | Friday | | | Closed | Closed | Closed | Closed | Closed | Closed | Closed | Closed | | Closed |
| November 23, 2017 (Thanksgiving Day) | Thursday | Closed | Closed | Closed | Closed | Closed | Closed | Closed | Closed | Closed | Closed | Closed | Closed |
| November 24, 2017 (Thanksgiving holiday) | Friday | Closed | Closed | Closed | Closed | Closed | Closed | Closed | Closed | Closed | Closed | Closed | Closed |
| December 22, 2017 (Christmas holiday) | Friday | | | | | Closed | | | Closed | | | | |
| December 25, 2017 (Christmas holiday) | Monday | Closed | Closed | Closed | Closed | Closed | Closed | Closed | Closed | Closed | Closed | Closed | Closed |
| December 26, 2017 (Christmas holiday) | Tuesday | Closed | Closed | Closed | Closed | | Closed | Closed | Closed | | | Closed | |
| **Total Days Closed** | | 10 | 9 | 12 | 12 | 10 | 12 | 12 | 13 | 12 | 13 | 12 | 11 |

Exhibit A

holidaycc2017-dallas/fortworth-area.docx

12/06/16

Exhibit B

FILED

17 NOV 27 PM 12: 52

ALICIA PITRE
DISTRICT CLERK
DALLAS CO., TEXAS

DEPUTY

| DALLAS COUNTY, ET AL | § | IN THE DISTRICT COURT |
| | § | |
| VS. | § | 162ND JUDICIAL DISTRICT |
| | § | |
| BANKERS TRUST COMPANY, ET AL | § | DALLAS COUNTY, TEXAS |

## DEFENDANT'S OFFER AND COUNTER-SUIT

COMES NOW Defendant Samuel Russell presenting the **_Defendant's Offer_** concerning any and all delinquent taxes owed on the property located at 2758 Locust Ave., Dallas, TX 75216, prior to 2006 pursuant to F.R.C.P. 8(b)(3).

Defendant apologizes for all delinquent taxes on this property.

I. Defendant only acquired a legal record of ownership on the real property in October 23, 2017 (see Exhibit B); and has been sued for over $37,000 of delinquent taxes, penalties, and interest on a real property, which only has a market value of $27,040 (see Exhibit C).

II. Defendant has a history, since inhabiting the property in 2006, of paying something on the taxes each year.

III. Defendant calculates the amount of back taxes owed (without penalties and interest) to be $1,330.00 (see Exhibit A); whereas Plaintiff claims the amount to be $37,416.28.

Exhibit C

**FELICIA PITRE**
**DISTRICT CLERK**
**DALLAS COUNTY**
600 COMMERCE, 1ˢᵀ FLOOR
DALLAS, TEXAS 75202-4606

November 30, 2017

SAMUEL TODD RUSSELL
5412 STONEBORO TRAIL
DALLAS TX 75241

## NOTICE OF JUDGMENT

CAUSE NO. TX-17-00409

| | | | |
|---|---|---|---|
| Dallas County | | | In the District Court |
| | *Plaintiff(s),* | | |
| v. | | | of Dallas County, Texas |
| Bankers Trust Company | *Defendant(s)* | | 162nd District Court |

**TO WHOM IT MAY CONCERN:**

In accordance with the provisions of Rule 306(a)(3) of the Texas Rules of Civil Procedure, you are hereby notified that a Judgment has been entered in the above-referenced matter. The judgment is in favor of PLAINTIFF and against the DEFENDANT(s) signed on 11/29/2017.

Respectfully,
Felicia Pitre, District Clerk

