

# Fourth Court of Appeals
## San Antonio, Texas

January 7, 2019

No. 04-18-00937-CV

Constant **DERBEZ**,
Appellant

v.

Ana Gabriela **DERBEZ**,
Appellee

From the 365th Judicial District Court, Maverick County, Texas
Trial Court No. 16-08-33337-MCVAJA
Honorable Amado J. Abascal, III, Judge Presiding

# O R D E R

The trial court signed a final judgment on October 29, 2018. Because appellant did not file a motion for new trial, motion to modify the judgment, motion for reinstatement, or request for findings of fact and conclusions of law, the notice of appeal was due to be filed on November 28, 2018. *See* TEX. R. APP. P. 26.1(a). However, the notice of appeal was not filed until November 30, 2018. A motion for extension of time to file the notice of appeal was due on December 13, 2018. *See id.* R. 26.3. Appellant timely filed in this court on December 10, 2018, a motion for extension of time to file the notice of appeal pursuant to Rule 26.3. *See id.*

When, as here, a notice of appeal is untimely filed, but a motion for extension of time is timely filed in accordance with Rule 26.3, the appellant must offer a reasonable explanation for failing to file the notice of appeal in a timely manner. *See Verburgt v. Dorner*, 959 S.W.2d 615, 615 (Tex. 1997). "[A]ny plausible statement of circumstances indicating that failure to file ... was not deliberate or intentional, but was the result of inadvertence, mistake, or mischance, will be accepted as a reasonable explanation." *Garcia v. Kastner Farms, Inc.*, 774 S.W.2d 668, 670 (Tex. 1989); *see Hone v. Hanafin*, 104 S.W.3d 884, 886–87 (Tex. 2003); *Dimotsis v. State Farm Lloyds*, 966 S.W.2d 657, 657 (Tex. App.—San Antonio 1998, no pet.). Any conduct short of deliberate or intentional noncompliance qualifies as inadvertence, mistake or mischance, even if that conduct can also be characterized as professional negligence. *Garcia*, 774 S.W.2d at 670; *Hone*, 104 S.W.3d at 886–87; *Dimotsis*, 966 S.W.2d at 657.

In the motion for extension of time, counsel for appellant, who had been hired for purposes of appeal, states she failed to timely file the notice of appeal because she was orally

advised by the Maverick County District Clerk's office that the final judgment was signed on November 1, 2018. Based on that information, she calendared the due date for the notice of appeal as November 30, 2018, as December 1, 2018 fell on a Saturday. When she subsequently obtained a copy of the judgment decree, she noted that the first page of the judgment stated it was "filed at 11/01/2018 at 12:00 a.m.," which was in accord with the information received from the district clerk. Counsel filed the notice of appeal on November 30, 2018, based on the information from the clerk's office and the notation on the first page of the judgment. Several days later, when counsel subsequently reviewed the entire judgment, she realized it had actually been signed on October 29, 2018, rendering her notice of appeal untimely by two days. Counsel then timely filed a motion to extend time to file the notice of appeal. After review, we find counsel's explanation for the untimely filing to be reasonable. *See Garcia*, 774 S.W.2d at 670; *Hone*, 104 S.W.3d at 886–87; *Dimotsis*, 966 S.W.2d at 657. We therefore **GRANT** appellant's motion for extension of time to file the notice of appeal and **ORDER** this appeal retained on the court's docket.

We **order** the clerk of this court to serve a copy of this order on all counsel, the Maverick County District Clerk, and the court reporter.

_____
Beth Watkins, Justice

IN WITNESS WHEREOF, I have hereunto set my hand and affixed the seal of the said court on this 7th day of January, 2019.

_____
KEITH E. HOTTLE,
Clerk of Court