

# Fourth Court of Appeals
## San Antonio, Texas

April 1, 2020

No. 04-20-00071-CV

**CITY OF SAN ANTONIO**,
Appellant

v.

Patrick Von **DOHLEN**, Brian Greco, Kevin Jason Khattar, Michael Knuffke, and Daniel Petri,
Appellees

From the 37th Judicial District Court, Bexar County, Texas
Trial Court No. 2019CI18637
Honorable David A. Canales, Judge Presiding

# O R D E R

Sitting:    Irene Rios, Justice
             Beth Watkins, Justice
             Liza A. Rodriguez, Justice

On February 25, 2020, we ordered appellant, the City of San Antonio, to offer a reasonable explanation for filing a late notice of appeal. *See Verburgt v. Dorner*, 959 S.W.2d 615, 617 (Tex. 1997). "[A]ny plausible statement of circumstances indicating that failure to file . . . was not deliberate or intentional, but was the result of inadvertence, mistake, or mischance, [would] be accepted as a reasonable explanation." *Garcia v. Kastner Farms, Inc.*, 774 S.W.2d 668, 670 (Tex. 1989); *see also Dimotsis v. State Farm Lloyds*, 966 S.W.2d 657, 657 (Tex. App.—San Antonio 1998, no pet.). Any conduct short of deliberate or intentional noncompliance qualifies as inadvertence, mistake or mischance, even if that conduct can also be characterized as professional negligence. *Garcia*, 774 S.W.2d at 670; *Dimotsis*, 966 S.W.2d at 657. Appellant timely responded to our order, stating that the error was due to counsel's miscalculation of the due date for filing the notice of appeal. The explanation is reasonable. We, therefore, grant appellant's motion for extension of time to file the notice of appeal.

We further ordered appellant to demonstrate this court has jurisdiction to entertain an appeal from the order denying its rule 91a motion to dismiss. Appellant timely responded to our order, arguing this court has jurisdiction under section 51.014(a)(8) of the Texas Civil Practice and Remedies Code. *See* TEX. CIV. PRAC. & REM. CODE ANN. § 51.014(a)(8) (authorizing an appeal from an interlocutory order that grants or denies a plea to the jurisdiction by a

governmental unit). Specifically, appellant points out that its rule 91a motion to dismiss was based on two arguments asserting the trial court lacked subject-matter jurisdiction: (1) appellees had no standing to bring their claims, and (2) appellees failed to demonstrate a waiver of immunity as to their claims. Because appellant's rule 91a motion to dismiss challenged the trial court's subject-matter jurisdiction, we conclude that we have jurisdiction to entertain an appeal from the trial court's order denying the rule 91a motion. *See City of Austin v. Liberty Mut. Ins.*, 431 S.W.3d 817, 822 (Tex. App.—Austin 2014, no pet.) ("In the present case, the Rule 91a motion challenged the trial court's subject-matter jurisdiction over the claims asserted; therefore, section 51.014(a)(8) affords the City a right to an interlocutory appeal of the trial court's denial of the motion."); *see also Tex. Ass'n of Bus. v. Tex. Air Control Bd.*, 852 S.W.2d 440, 446 (Tex. 1992) ("Standing is a component of subject matter jurisdiction.").

We ORDER this appeal retained on the court's docket. We GRANT appellant's motion for extension of time to file its brief. Appellant's brief is due on or before **April 22, 2020**.

_____
Irene Rios, Justice

IN WITNESS WHEREOF, I have hereunto set my hand and affixed the seal of the said court on this 1st day of April, 2020.

_____
MICHAEL A. CRUZ,
Clerk of Court