

# Fourth Court of Appeals
## San Antonio, Texas

## MEMORANDUM OPINION

No. 04-20-00407-CV

Marian **HADDAD**,
Appellant

v.

**TRI-COUNTY A/C & HEATING, LLC**,
Appellee

From the 25th Judicial District Court, Guadalupe County, Texas
Trial Court No. 16-0908-CV
Honorable Gary L. Steel, Judge Presiding

PER CURIAM

Sitting:      Patricia O. Alvarez, Justice
             Luz Elena D. Chapa, Justice
             Irene Rios, Justice

Delivered and Filed: September 30, 2020

DISMISSED FOR WANT OF JURISDICTION

In the underlying case, the trial court signed a final judgment on April 17, 2020. Appellant Marian Haddad timely filed a motion for new trial, and her notice of appeal was due on July 16, 2020. *See* TEX. R. APP. P. 26.1(a). A motion for extension of time to file a notice of appeal was due on July 31, 2020. *See* TEX. R. APP. P. 26.3.

On August 28, 2020, we advised Appellant that her August 12, 2020 notice of appeal was filed well after the last day to timely file a notice of appeal with an extension, and we ordered Appellant to show cause in writing why this appeal should not be dismissed for want of jurisdiction. *See* TEX. R. APP. P. 42.3(a); *Verburgt v. Dorner*, 959 S.W.2d 615, 617 (Tex. 1997).

Appellant timely filed a response to our show cause order. She explained her notice of appeal was late because she miscalculated the deadline, in part because of the work-at-home effects of the COVID-19 pandemic, and her "inadvertent mistake constitutes a 'reasonable explanation' [for her] failure to file within the deadline."

However, Appellant misunderstands the applicable law.[1] *See* TEX. R. APP. P. 26.3. The reasonable explanation analysis applies only when the notice of appeal is filed "within 15 days after the deadline for filing the notice of appeal." *See id.* (fifteen-day window); *cf. Hone v. Hanafin*, 104 S.W.3d 884, 885 n.1 (Tex. 2003) (citing compliance with Rule 26.3 as a prerequisite for invoking the reasonable explanation analysis); *Dimotsis v. Lloyds*, 966 S.W.2d 657 (Tex. App.—San Antonio 1998, no pet.) (citing *Verburgt*, 959 S.W.2d at 617–18) ("A motion for extension of time is necessarily implied when an appellant, acting in good faith, files a notice of appeal beyond the time allowed by Rule 26.1 but *within* the fifteen-day grace period provided by Rule 26.3 . . . ." (emphasis added)).

"[O]nce the period for granting a motion for extension of time under Rule [26.3] has passed, a party can no longer invoke the appellate court's jurisdiction." *Verburgt*, 959 S.W.2d at 617. We may not, even for good cause, "alter the time for perfecting an appeal in a civil case." TEX. R. APP. P. 2; *Cammack v. Hierholzer*, No. 04-17-00271-CV, 2017 WL 2124476, at *1 (Tex. App.—San Antonio May 17, 2017, no pet.) (mem. op.).

Necessarily, we dismiss this appeal for want of jurisdiction.

PER CURIAM

---

[1] In response to the COVID-19 pandemic, the Supreme Court of Texas extended some deadlines in civil cases, but it expressly excluded "deadlines for perfecting appeal" from the automatic extension. Twenty-First Emergency Order Regarding the COVID-19 State of Disaster, Misc. Docket No. 20-9091 (Tex. July 31, 2020); *see Satterthwaite v. First Bank*, No. 02-20-00182-CV, 2020 WL 4359400, at *1 (Tex. App.—Fort Worth July 30, 2020, no pet. h.) (mem. op.).