ACCEPTED
15-24-00052-CV
FIFTEENTH COURT OF APPEALS
AUSTIN, TEXAS
6/24/2025 11:38 AM
CHRISTOPHER A. PRINE
CLERK

**No. 15-24-00052-CV**

FILED IN
15th COURT OF APPEALS
AUSTIN, TEXAS
6/24/2025 11:38:28 AM
CHRISTOPHER A. PRINE
Clerk

IN THE FIFTEENTH DISTRICT COURT OF APPEALS (AUSTIN)

Richard M. YOUNG, Jr. a/k/a Richard Young,
*Appellant*

*vs.*

TEXAS PARKS & WILDLIFE DEPARTMENT, et al.,
*Appellees.*

## APPELLANT'S MOTION FOR PANEL REHEARING

This Court issued its Opinion on April 24, 2025, affirming the trial court's dismissal of Appellant's inverse condemnation claims and refusing to afford Appellant the opportunity to amend his live petition to include additional jurisdictional facts. Because this Court's Opinion contains numerous errors, this Court should grant Appellant's request for a rehearing.

### INTRODUCTION

A review of this Court's Opinion readily proves three errors made by this Court: (1) assuming jurisdiction over this eminent domain case, which the Texas Legislature has excluded from this Court's jurisdiction;

1

(2) relying on (even going so far to quote) the *wrong* petition (quoting the original as opposed to the amended, which is substantially different); and (3) failing to remand to allow Appellant Richard Young, a licensed breeder of whitetail deer, to amend his live petition to assert additional jurisdictional facts. This Court should withdraw its current Opinion and fix these devastating errors that will lead to continued litigation on this already controversial and embattled issue.

The underlying lawsuit brought by Young contends that the conduct of Appellees (collectively referred to as "TPWD") constitutes the exercise of eminent domain over his ranch land, small business, and breeder deer, causing him tremendous lost profits and damages. Before and after taking Young's personal and real property, TPWD afforded Young no due process or adequate compensation. Thus, Young's lawsuit is not barred by sovereign immunity. Clear black letter law reveals these claims are not barred by sovereign immunity, but this Court affirmed the trial court's plea to the jurisdiction.

TPWD says its conduct (constituting a taking) is authorized to achieve the "public good" of controlling Chronic Wasting Disease ("CWD"), which TPWD contends poses an existential threat to Texas's

free-range whitetail deer population. Yet, the test utilized by TPWD – called "the gold standard" – detects only the presence of a misfolded prion within the body of the deer, which *is not* the equivalent of the presence of CWD. Moreover, TPWD's narrative, *i.e.,* that untested breeder deer living in doubly high-fenced pens will spread CWD to free-range deer, are assumptions by TPWD that have yet to be tested in court or subjected to a merits-based analysis.

TPWD's sweeping CWD assumptions are unfounded and unsupported by scientific data. In fact, TPWD has not performed any substantial testing of Texas's free-range population. The majority of available Texas-based CWD data arises from privately-funded testing of deer born and raised in breeder pens on the ranch lands of Texas landowners, one of which is Young. The testing detects *only* the presence of a misfolded, which *may* indicate CWD but could be indicative of other things, in a deer isolated from others (and free-range deer) by high-fencing. In fact, Texas's free-range population has exploded in size since the first misfolded prion was detected in Texas over a decade ago. Nevertheless, because a non-evidentiary-based jurisdictional plea was granted, Young's eminent domain and due process claims were dismissed

-- based purely upon the *ipse dixit* of a TPWD veterinarian's opinion that remains untested. This Court's insistence on locking Young out of the courthouse only furthers the continued destruction of the deer breeding industry in Texas.

## REHEARING ARGUMENT

### I.
### THIS COURT LACKS JURISDICTION OVER THIS EMINENT DOMAIN APPEAL

The August 26, 2024 Omnibus Transfer Order explained that Young's appeal, and about 60 others, fell within the exclusive jurisdiction of the Fifteenth Court. The statutory language explaining this Court's exclusive jurisdiction is expansive, affording this Court jurisdiction over *most* "government" appeals. TEX. GOV'T CODE §22.220(d)(1). But not all government appeals come to this Court, with the Texas Legislature excluding appeals arising from:

> (F)   a condemnation proceeding for the acquisition of land ***or a proceeding related to eminent domain***

*Id.* § 22.220(d)(1)(F) (emphasis added).

**A.** *Eminent domain-related claims fall outside this Court's appellate jurisdiction – takings cases are mandatorily filed in the county where the land is located.*

Excluding proceedings related to eminent domain makes sense because venue for eminent domain related cases is *mandatory* in the county where the land is located. TEX. PROP. CODE § 21.013. Young's case alleges TPWD exerted eminent domain over his land, business, and breeder deer, and so his lawsuit was filed in the county in which his land is located – Gillespie County. That means any appeal arising therefrom should go to the Fourth Court of Appeals in San Antonio, not this Court.

Significantly, when crafting this exception, the Texas Legislature included two types of cases: (1) condemnation cases; and (2) "a proceeding related to eminent domain." TEX. GOV'T CODE §22.220(d)(1)(F). Clearly, the exception to this Court's jurisdiction is much broader than just condemnation lawsuits initiated by governmental entities to acquire land. To argue otherwise would be to render the second clause, "a proceeding related to eminent domain," meaningless, which is precluded.. *Tex. Windstorm Ins. Assoc. v. Kelly,* 680 S.W.3d 632, 640 (Tex. App. – Beaumont 2023, pet. denied); *Harris Cty. Appraisal Dist. v. Tex. Gas Transmission Corp.,* 105 S.W.3d 88, 98 (Tex. App. – Houston [1st Dist.]

5

2003, pet. denied).

When "a proceeding related to eminent domain," it is important to remember that "[t]here is no statutory definition for 'eminent domain.'" *JRJ Pusok Holdings, LLC v. State,* 693 S.W.3d 679, 684-85 (Tex. App. – Houston [14th Dist.] 2023, n.p.h.). When addressing what "eminent domain" means, the *JRJ Pusok* court stated, "that phrase has a longstanding meaning at common law, which we can consider in our interpretation of Chapter 21," noting the Black's Dictionary definition providing: "the inherent power of a governmental entity to take privately owned property, esp. land, and convert it to public use, subject to reasonable compensation for the taking." *Id.* (citing *City of San Antonio v. Grandjean,* 91 Tex. 430, 41 S.W. 477 (1897) (holding no particular writing or judicial decree is necessary for the issue to fall within litigation for "eminent domain").

The Supreme Court of Texas often refers to "eminent domain" when discussing Young's type of condemnation claim -- inverse condemnation:

> When the government takes private property without first paying for it, the owner may recover damages for inverse condemnation." The elements of an **inverse condemnation** or "takings" claim are that (1) an entity with **eminent domain** power intentionally performed certain acts (2) that

6

resulted in taking, damaging, or destroying the property for, or applying it to, (3) public use.

*Tex. Dep't. of Transp. v. Self,* 690 S.W.3d 12, 25-26 (Tex. 2024) (citations omitted & emphasis added). "The action is **'inverse'** because an entity with the power of **eminent domain** has not filed a statutory condemnation action to determine adequate compensation before taking the property, so the owner initiates an action for compensation under the Constitution." *Id.* n.9 (emphasis added); *id.* at 30 ("The point of a constitutional action for **inverse condemnation** is to allow private property owners to obtain compensation for other intentional government conduct that takes, damages, destroys, or appropriates their property for public use without any valid legal basis other than **eminent domain**") (emphasis added).

Looking across the Government Code, there are other situations where a court's jurisdiction turns on whether the case involves "eminent domain". For example, several provisions detail whether proceedings shall be heard in a county court at law or a district court. *See, e.g.,* TEX. GOV'T CODE ANN. § 25.1032(c) ("county civil court at law has exclusive jurisdiction in Harris County of eminent domain proceedings, both statutory and inverse, if the amount in controversy . . . "); *Villareal v.*

7

*Harris Cty.,* 226 S.W.3d 537, 543-44 (Tex. App. – Houston [1st Dist.] 2006, no pet.) (holding "that improper use of taxing power to accomplish a taking of real property is a use of eminent domain power, and thus, jurisdiction over any claim that alleges such rests exclusively in the Harris County Civil Courts at Law").

In this case, Young's live petition states:

> The actions of the Defendants amount to a taking or inverse condemnation, in violation of the Federal and State Constitutions. The actions of Defendants amount to an unlawful taking of Mr. Young's real and personal property in violation of Mr. Young's constitutional rights under Texas Constitution Article I, Section 19 and also protected under the Fifth Amendment of the United States Constitution. Texas district and county courts at law have concurrent jurisdiction over eminent domain cases (direct condemnation and inverse condemnation). . . . This type of claim must be filed in a district court in the county in which the private real property owner's affected property is located.

(CR162); (CR174) ("The requirements imposed by the governmental action has precluded Mr. Young's ability to use [his] personal and real property in a manner allowed under Texas and federal law and has been restricted by the laws, orders, mandates of the state and federal law. In addition, the actions of Defendants place a stigma on the value of the

8

personal and real property, which will amount to at a minimum, a taking of Mr. Young's land (personal and real) without compensation as required by the Federal and State constitution.").

**B.** ***The majority of this Court's Opinion addresses matters (eminent domain) outside this Court's jurisdiction.***

This Court's Opinion makes it even more clear that this case is "related eminent domain." The Opinion spends *over half* of its content on Young's inverse condemnation claims as to his breeder deer, breeding business, breeding permit, and ranch land. *Young v. Tex. Parks & Wildlife Dept., et. al,* No. 15-24-00052-CV, 2025 WL 1200947 (Tex. App. – Austin April 24, 2025, n.p.h.). Section II of the Opinion is entitled "Takings or Inverse Condemnation." *Id.* at *3. Section II(A) of the Opinion addresses Young's eminent domain claim about his breeder deer (remember, this Court mistakenly quoted language from Young's original petition in an effort to state his position, but that pleading was no longer live after the amended petition, which claimed full ownership of the breeder deer, was filed).[1] Then, Section II(B) of the Opinion addresses Young's eminent domain claim as to his ranch land. *Id.* at *5. Also, the

---

[1]Young addresses this error within the Opinion in Section II of this Rehearing Motion.

Opinion's Section II(C) addresses Young's eminent domain claim as to his deer breeding permit and business. *Id.* at *6. Clearly, the majority of the Opinion cites and analysis eminent domain law! This Court lacks jurisdiction over this appeal. Simply put, the Opinion reveals this appeal was a proceeding related to eminent domain, which falls outside the jurisdiction of this Court.

**C.** ***This Court's exercise of appellate jurisdiction on matters expressly excluded by the Texas Legislature unconstitutionally imposes a retroactive law.***

The general rule is that "[a] statute is presumed to be prospective in its operation unless expressly made retrospective"). TEX. GOVT. CODE ANN. § 311.022. Here, the provision vesting the Fifteenth Court with jurisdiction over certain types of appeals contains no language indicating retroactive application. TEX. GOV'T CODE §22.220(d)(1). In fact, the Rule of Appellate Procedure adopted to operate parallel to the statute explicitly states it applies to appeals perfected *after* September 1, 2024. *Supra* n.1 (discussing Rule 27A). Young's appeal was perfected on July 3, 2024. (CR270).

The transfer of Young's appeal from the Fourth Court, which holds jurisdiction over the county where Young's land is located, to the

10

Fifteenth Court violates the constitutional right against the imposition of retroactive laws. Article I, Section 16 of the Texas Constitution provides that no "bill of attainder, ex post facto law, retroactive law, or any law impairing the obligation of contracts, shall be made." TEX. CONST. art. I, § 16. "Constitutional retroactivity bars exist to 'protect the people's reasonable, settled expectations." *Hogan v. Southern Methodist University,* 688 S.W.3d 852, 860 (Tex. 2024). Young had a reasonable and settled expectation that when he prepared and filed his appeal, paying the filing fee to the Fourth Court, which presides over the county where his land, business, and breeder deer are located, that his appeal would be heard by the Fourth Court.

Young understands that the Texas Legislature vested the Supreme Court of Texas with authority to "order cases transferred from one court of appeals to another at any time that, in the opinion of the supreme court, there is good cause for the transfer." TEX. GOV'T CODE ANN. § 73.001(a). The Order transferring Young's appeal cites the legislation creating the Fifteenth Court, demonstrating the transfer is based on the exclusive jurisdiction provision, not docket equalization or any other purpose. That motivation for the transfer, *i.e.,* a belief that the appeal

11

falls within this Court's exclusive jurisdiction, is acknowledged by the transfer order language providing the transferred appeals (including Young's) are ones "that those Courts have determined are within the exclusive intermediate jurisdiction of the Court of Appeals for the Fifteenth Court of Appeals District."[2]

However, a comparison of Young's live petition and this Opinion, against the statutory exceptions to this Court's jurisdiction, reveal that Young's appeal falls outside this Court's jurisdiction. Despite the Supreme Court of Texas's Omnibus Transfer Order claiming "good cause," it simply does not exist. "Appellate jurisdiction cannot be created by consent, stipulation of the parties, or waiver, either by the court or by litigants." *Birmingham Fire Ins. Co. of Pennsylvania v. Am. Nat'l Fire Ins. Co.*, 928 S.W.2d 226, 228 (Tex. App.—Texarkana 1996, no writ).

---

[2]In *Simmons v. State,* an appellant challenged the constitutionality of the transfer of appeals for docket equalization purposes. 2009 WL 2341921 (Tex. App. – Amarillo 2009, pet. ref'd). The *Simmons* appellant based his challenge on the Equal Protection Clause of the Fourteenth Amendment. *Id.* at *3 ("Observing that voters in the Fourth District elect justices to the Fourth Court of Appeals and transfer of his appeal to the Seventh Court of Appeals means it will be decided instead by justices elected by voters living in the Seventh District, appellant reasons that transfer of appeals of cases arising in the Fourth District deprives voters of the right to elect the appellate judges who will decide cases arising in their district."). However, the appellate court rejected the challenge because the appellant failed to prove that "he has standing to litigate the Equal Protection rights of Fourth District voters." *Id.* Young challenges the retroactive application of this statute in violation of constitution.

"Jurisdiction is fundamental and cannot be ignored by this court or waived by the parties." *Id.* "When jurisdiction does not lie in an appellate court, it normally has only the power to recognize that fact and dismiss the appeal for want of jurisdiction, regardless of any agreement or waiver by the parties." *Id.*

While a statute authorizes the Supreme Court of Texas to transfer cases among intermediate appellate courts for "good cause," the cause cited for this transfer is invalid. Although Young knows the Supreme Court of Texas has transferred other appeals for docket equalization to low volume appellate courts, that did not occur here. The Supreme Court of Texas outlined the reason for the transfer – exclusive jurisdiction -- but a close review of the live pleading (and now this Court's Opinion) reveals Young's claims fall outside the purported exclusive jurisdiction.

Furthermore, Young contends this Court's issuance of an Opinion constitutes the unconstitutional application of a retroactive law. Young had a settled expectation that his appeal, when filed in one appellate court, would be disposed of in that appellate court, other than for docket equalization (which also involves intermediate appellate courts who are vested with likewise civil and criminal jurisdiction and where the justices

presiding are duly elected as opposed to appointed). Young's settled expectation is especially true when the case was filed to the appellate court with jurisdiction over the county where his land, business, and deer are located. This Court's Opinion should be withdrawn and the case remanded to the Fourth Court of Appeals for disposition.

## II.
### THIS COURT'S OPINION QUOTES THE ORIGINAL, NOT AMENDED, PETITION WHEN DECIDING NO WAIVER OF SOVEREIGN IMMUNITY EXISTS

This Court quoted Young when describing Young's claims. *Young,* 2025 WL , *1 ("Young acknowledged that he had only a 'possessory' right in his breeder deer, 'as opposed to the ownership of title to the deer'"). The quoted language comes from *Plaintiff's Original Petition.* (CR12). However, when the plea to the jurisdiction was granted, the trial court considered *Plaintiff's First Amended Original Petition,* which contains language directly to the contrary – Young pleaded he had ownership of title. (CR165-68) (describing the 174 deer owned by Young and their value to him of $705,000). This Court's belief that Young did not claim ownership of the deer (but only a possessory right) is pivotal to this Court's analysis of Young's taking claim about the deer. Specifically, Young contends he is owed just compensation for the taking of his deer

14

("including but not limited to Mr. Young's animals, ranch equipment, ranch land, permit, and other personal and real property"). This Court's Opinion should be withdrawn and an analysis conducted based on Young's live petition.

## III.
### THIS COURT ERRED IN FAILING TO REMAND FOR A PLEADING AMENDMENT

When Young filed suit, the defendants filed pleas to the jurisdiction. (CR144). The day before the jurisdictional plea hearing was held, Young expanded upon his Original Petition, (CR6), by filing his Amended Original Petition. (CR162). This caused Co-Defendant TAHC, not a party to this appeal, to seek and receive a continuance of its jurisdictional plea. (RR6-7). TPWD took a different approach, abandoning the right to file Special Exceptions,[3] despite Young's far-reaching Amended Petition, and demanding to be heard immediately. TPWD's decision to pursue a non-evidentiary jurisdictional plea (and to have the newly-pleaded and broad claims heard immediately) required the trial court (and now this Court) to take as true all of Young's allegations.[4] The record shows TPWD,

---

[3]When special exceptions are not filed, courts must construe the live petition liberally in favor of the pleader. *Roark v. Allen*, 633 S.W.2d 804, 809 (Tex. 1982).

[4]In non-evidentiary jurisdictional pleas, this Court must accept as true all pleaded factual allegations and then determine if the allegations confer jurisdiction. *Dallas*

15

represented by "opposing attorneys of reasonable competence," were put on notice of Young's claims of the taking of his breeder deer, ranch land, improvements, small business, and permit rights without due process or just compensation.[5]

The Supreme Court of Texas has made clear that appeals should be decided based on substance as opposed to form. Thus, courts generally allow parties to replead during immunity-based jurisdictional challenges unless their pleadings demonstrate incurable defects. *Tex. Dep't of Transp. v. Sefzik*, 355 S.W.3d 618, 623 (Tex. 2011) ("When this Court upholds a plea to the jurisdiction on sovereign immunity grounds, we allow the plaintiff the opportunity to replead if the defect can be cured"); *City of Waco v. Kirwan*, 298 S.W.3d 621, 622 (Tex. 2009) ("The allegations

---

*Area Rapid Transit v. Whitley*, 104 S.W.3d 540, 542 (Tex. 2003). Additionally, reviewing courts must construe the pleadings liberally in the plaintiff's favor and look to the plaintiff's intent. *Tex. Dep't of Parks & Wildlife v. Miranda*, 133 S.W.3d 217, 226 (Tex. 2004).

[5]A pleading should contain "a short statement of the cause of action sufficient to give fair notice of the claim involved ...." TEX. R. CIV. P. 47(a). "We will uphold the petition as to a cause of action that may be reasonably inferred from what is specifically stated, even if an element of the cause of action is not specifically alleged." *The Huff Energy Fund, LP v. Longview Energy Co.*, 482 S.W.3d 184, 195 (Tex. App.—San Antonio 2015), *aff'd sub nom. Longview Energy Co. v. Huff Energy Fund LP,* 533 S.W.3d 866 (Tex. 2017). "In determining whether a pleading is adequate, we examine whether an **opposing attorney of reasonable competence**, on review of the pleadings, can ascertain the nature and the basic issues of the controversy." *Id.* (emphasis added).

found in the pleadings may either affirmatively demonstrate or negate the court's jurisdiction. If the pleadings do neither, it is an issue of pleading sufficiency and the plaintiff should be given an opportunity to amend the pleadings." (citations omitted)); *Miranda*, 133 S.W.3d at 226–27 ("If the pleadings do not contain sufficient facts to affirmatively demonstrate the trial court[']s jurisdiction but do not affirmatively demonstrate incurable defects in jurisdiction, the issue is one of pleading sufficiency and the plaintiffs should be afforded the opportunity to amend."). This Court's jurisdiction is, at best, on shaky ground, so to then disallow Young the privilege afforded nearly all other similarly-situated litigants facing a dismissal causes great pause. This Court erred in denying Young a remand for a right to amend his live pleading.

## CONCLUSION & PRAYER

This Court should grant the rehearing, withdraw the Opinion, issue an Order stating this Court lacks jurisdiction over this appeal, and asking the Supreme Court of Texas to re-transfer this case to the Fourth Court of Appeals, which has jurisdiction over the county mandatorily required to address Young's eminent domain claim. Alternatively, this Court should, after withdrawing the Opinion, remand the case to the trial

17

court for further proceedings or to allow Young the opportunity to amend his live petition. Young also requests any relief to which he is entitled under law and equity.

Respectfully submitted,

Kimberly S. Keller
KELLER STOLARCZYK PLLC
215 W. Bandera Road
No. 114-PMB 800
Boerne, Texas 78006
Tele: 830.981.5000
/s/Kimberly S. Keller
Kimberly S. Keller
SBN: 24014182
Email: kim@kellsto.com

**APPELLANT'S COUNSEL**

# CERTIFICATE OF COMPLIANCE & SERVICE

I certify this Motion for Panel Rehearing contains 3,815 words. On June 24, 2025, I served, through this Court's e-filing server, a copy of this Motion on those listed below:

### *Counsel for Appellees:*

KEN PAXTON, Attorney General of Texas; BRENT WEBSTER, First Asst. Attorney General; JAMES LLOYD, Deputy Attorney General for Civil Litigation; KELLIE E. BILLINGS-RAY, Chief, Environmental Protection Division, OFFICE OF THE ATTORNEY GENERAL, Environmental Protection Division, P.O. Box 12548, MC066, Austin, Texas 78711-2548

IAN LANCASTER, Asst. Attorney General, Email: ian.lancaster@oag.texas.gov

H. CARL MYERS, Asst. Attorney General, Email: carl.myers@oag.texas.gov

HEATHER COFFEE, Asst. Attorney General, Email: heather.coffee@oag.texas.gov

### *Counsel for Texas Animal Health Commission:*

KAREN L. WATKINS, Asst. Attorney General, Administrative Law Division, Office of the Attorney General, P.O. Box 12548, Austin, Texas 78711, Email: karen.watkins@oag.texas.gov

/s/Kimberly S. Keller
Kimberly S. Keller

# Automated Certificate of eService

This automated certificate of service was created by the efiling system. The filer served this document via email generated by the efiling system on the date and to the persons listed below. The rules governing certificates of service have not changed. Filers must still provide a certificate of service that complies with all applicable rules.

Kimberly Keller on behalf of Kimberly Keller
Bar No. 24014182
kim@kellsto.com
Envelope ID: 102351808
Filing Code Description: Motion for Rehearing
Filing Description: Appellant's Motion for Panel Rehearing
Status as of 6/24/2025 11:54 AM CST

Associated Case Party: State Of Texas

| Name | BarNumber | Email | TimestampSubmitted | Status |
|------|-----------|-------|--------------------|--------|
| Kellie E.Billings-Ray | | Kellie.Billings-Ray@oag.texas.gov | 6/24/2025 11:38:28 AM | SENT |
| Ian Lancaster | | ian.lancaster@oag.texas.gov | 6/24/2025 11:38:28 AM | SENT |
| Laura Courtney | | laura.courtney@oag.texas.gov | 6/24/2025 11:38:28 AM | SENT |
| H. CarlMyers | | Carl.Myers@oag.texas.gov | 6/24/2025 11:38:28 AM | SENT |
| James ScottMcCarley | | scott.mccarley@oag.texas.gov | 6/24/2025 11:38:28 AM | SENT |

Associated Case Party: Maurice E. "Pete" Moore, III, d/b/a Cypress Ranches

| Name | BarNumber | Email | TimestampSubmitted | Status |
|------|-----------|-------|--------------------|--------|
| Kevin Dubose | | kdubose@adjtlaw.com | 6/24/2025 11:38:28 AM | SENT |
| Paul W.Green | | pgreen@adjtlaw.com | 6/24/2025 11:38:28 AM | SENT |
| Latonya McPherson | | lmcpherson@adjtlaw.com | 6/24/2025 11:38:28 AM | SENT |
| James  T.Drakeley | | jdrakeley@spencerfane.com | 6/24/2025 11:38:28 AM | SENT |

Case Contacts

| Name | BarNumber | Email | TimestampSubmitted | Status |
|------|-----------|-------|--------------------|--------|
| Karen LWatkins | | karen.watkins@oag.texas.gov | 6/24/2025 11:38:28 AM | SENT |
| C DixonMosty | | cdmosty@mostylaw.com | 6/24/2025 11:38:28 AM | SENT |
| Richard Mosty | | rmosty@mostylaw.com | 6/24/2025 11:38:28 AM | SENT |
| Jennifer SRiggs | | jriggs@r-alaw.com | 6/24/2025 11:38:28 AM | SENT |
| Kimberly SKeller | | kim@kellsto.com | 6/24/2025 11:38:28 AM | SENT |
| Clayton CUtkov | | cutkov@andrewsmyers.com | 6/24/2025 11:38:28 AM | SENT |